Pond, Administrator, *et al. v.* Sweetser *et al.*

---

No. 9393.

POND, ADMINISTRATOR, ET AL. *v.* SWEETSER ET AL.

DECEDENTS' ESTATES.—*Right of Action.*—*Representative and Heir.*—The right to sue for money or other personalty of a decedent belongs to the personal representative, not to the heir or widow.

PLEADING.—*Intendments.*—If the allegations of a pleading be ambiguous, uncertain or defective, they must be construed more strongly against the pleader.

HUSBAND AND WIFE.— *Disposition of Personalty.*—The law of this State places no restriction, in the interest of the wife, upon the power of a husband to dispose of his personal estate.

SAME.—*Conflict of Laws.*—*Foreign Statutes in Derogation of Common Right.*— *Construction.*—Statutes in derogation of common right, as for instance, if in restraint of the owner's power to dispose of his personal estate, and especially a foreign statute, when invoked, if it may be at all, to affect transactions in this State, will be strictly construed.

SAME.—*Trust and Trustee.*—*Personal Property.*—A foreign statute, which forbids the creation of a trust in personalty for the sole use of the person declaring the trust, will not be deemed to affect a transfer or assignment made in this State of property situated here, by a resident of the foreign State, in trust partly for himself and partly for others.

From the Grant Circuit Court.

*E. S. Williams, I. VanDevanter* and *J. W. Lacey,* for appellants.

*A. Steele* and *R. T. St. John,* for appellees.

WOODS, C. J.—The circuit court sustained demurrers respectively to the complaint of the appellant Pond, as administrator of the estate of Bartholomew Anderson, and to the cross complaint of the appellant Amanda Anderson; and error is assigned upon these rulings. The averments in each of these complaints and the exhibits filed therewith are substantially identical. That of the administrator is to the effect, and mainly of the tenor, following:

Isaac P. Pond, administrator, etc., complains of David B. Sweetser (and others named) and says that said Bartholomew Anderson died intestate on the 27th day of August, 1878, being the owner of notes, credits, choses in action, money and other personal property of the value of $5,500, and that the plaintiff is the duly appointed, qualified and acting administrator of his estate; that said Sweetser claims to hold all of said property and the proceeds thereof as successor to one James Sweetser as trustee of a pretended trust deed, a copy of which is filed herewith, made by the decedent on the 7th day of July, 1877; that said deed did not and does not convey to the defendants or any of them any title to said property or any part of it, but was and is fraudulent and void for the reasons following, to wit: Said decedent, more than

four years before his death, to wit, in 1870, was married to
the defendant Amanda Anderson (then Johnson) and lived
with her as his wife until his death in the town of Addison,
Champaign county, Ohio; that, under the laws of descent
and distribution of Ohio, said Amanda became entitled, at
the death of her husband, to one-half of the first four hun-
dred dollars and one-third of the remainder of the personal
property, money and credits of the decedent, in addition to
her maintenance for one year, and was and is a *quasi* creditor
of the estate of said decedent for said share of the property;
that said deed of trust was made without the knowledge or
consent of said Amanda, and the decedent did not, by will,
deed of settlement or otherwise, make any provision for her
support or maintenance in lieu of her legal claims upon his
estate as widow or for any other purpose whatever; that the
deed was a pretended conveyance of his estate, consisting of
goods and chattels, for his own use and for the benefit of his
grandchildren and great-grandchildren, with the intent to
deprive the said Amanda of her portion thereof after his
decease, made with the fraudulent intent to dispose of said
property after the death of the deceased, for the purpose of de-
priving his wife, the said Amanda, of her legal right to a share
of the property and maintenance out of the same; that the
decedent did not, by said deed or in any other manner, part
with the possession or control of said property, or of any part
of it, but reserved to himself the full possession and control
of the property and of its proceeds, and was so in control and
was in full and actual possession of the property at the time
of his death; that the decedent attempted by said deed to
convey and dispose of all his property, and did not at the
time, nor at any time afterwards, nor at his death, have any
property save that described in said deed; that besides the
defendants, the beneficiaries named in said deed, the decedent
left other heirs at law who are still living; that under the
laws of Ohio, which are made a part of the complaint, said
deed is void; that the defendants, except Sweetser and Amanda

Anderson, are claiming the whole of said property under said deed, and the said Amanda is claiming a share thereof as widow of the intestate; that on the 16th day of October, 1879, before the commencement of this action, the plaintiff demanded an accounting with the defendant Sweetser and a surrender by him to the plaintiff as administrator as aforesaid of all said property so as aforesaid in his hands, all of which he refused and at all times has refused.

Wherefore the plaintiff prays that said deed be declared null and void, and that said Sweetser be required to account. for and to surrender to the plaintiff all of said property.

### Copy of Ohio Law.

"The widow shall be entitled, upon distribution, to one-half' of any sum not exceeding $400, and to one-third of the residue of the personal estate subject to distribution.

"All deeds of gift or conveyance of goods and chattels, made· in trust to the use of the person or persons making the same, shall be and hereby are declared to be void and of no effect.

" The appraisers shall also set off and allow to the widow and children under the age of fifteen years, if any there be, * * sufficient provisions or other property to support them. for twelve months from the death of the decedent."

The deed referred to; after reciting the names and residences of the parties, respectively, in Ohio and Indiana, the desire· of the grantor to make provision for the *cestuis que trust,* named and described as his grandchildren and great-grandchildren, and his desire to retain for his own use and support during life · the rents, issues and profits of the property, proceeds in the · tenor following:

"Now, therefore, this indenture witnesseth, that the said Bartholomew Anderson, in consideration of the premises and of one dollar to him paid by said James Sweetser, doth bargain, sell, release, convey and confirm to the said James Sweetser, in trust for the above named," etc., " the following real estate in Champaign county, Ohio:" (description). "Also, the fol-

lowing personal property, to wit :" (a list of promissory notes). "Also, the sum of $3,170.71 in cash on deposit in the bank of Sweetser's, in Marion, Indiana, to have and to hold," etc., "to the said James Sweetser, as such trustee, and to his successors in trust, and upon the use and trusts and for the purposes hereinafter named, viz. :

" To hold the said personal estate and moneys, to loan, control and manage the same and receive the interest and profits arising therefrom, and to pay such interest and profits to the said Bartholomew Anderson as the same may be selected or required by said Anderson during the term of his natural life for his support, and, if it shall become necessary, to appropriate in addition thereto an amount of the principal sufficient to maintain and keep him, said Bartholomew Anderson, during his natural life ; and, at the death of said Anderson, the said trustee, of whatever sum may remain in his hands, shall pay " to the beneficiaries named specified shares.

" The said trustee shall hold the above described lands, as provided herein ; the said Bartholomew Anderson reserving to himself the possession, rents, issues and profits of the same for the term of his natural life for his support, and at his death the trustee shall sell the same and divide the proceeds between the beneficiaries above named in the proportions aforesaid, that is to say," etc. ; " the said trustee retaining from such funds so received a reasonable compensation for his services in the discharge of the trust herein ; and the said James Sweetser doth hereby signify his acceptance of this trust, and doth agree to faithfully execute the same according to the meaning of these presents. In testimony whereof the parties have hereunto set their hands and seals this July 7th, A. D. 1877.

" [Signed]        BARTHOLOMEW ANDERSON. [L. S.]
                 " JAMES SWEETSER.          [L. S.] "

Appended is an acknowledgment in due form before Edgar S. Goldthwait, a notary public of Grant county.

There can be no doubt of the correctness of the ruling upon the demurrer to the cross complaint. Whether determined by the

Pond, Administrator, *et al. v.* Sweetser *et al.*

law of this State or that of Ohio, and upon any interpretation of the law contended for by counsel, her right in the property can be no more than a distributive share, to be received at the hands of the administrator; and if there be a cause of action against the appellees upon the facts stated, it must be in favor of the administrator.

The complaint is one which it is not easy either to characterize or clearly to understand. While the trust deed is made an exhibit, it is not the basis of the action—the instrument sued on—and, perhaps, under numerous decisions, not to be considered as a part of the pleading. The deed left out, the complaint contains no such description of property as is necessary to a complaint in replevin, nor, perhaps, any such allegation and description of moneys, notes or property in the hands of the defendants, or of any of them, as to make it a good complaint for an accounting. No excuse is alleged for not stating and describing definitely what was claimed to be in the possession of the defendant Sweetser; and even if the deed were regarded as a part of the complaint, it could hardly be deemed to help out the pleading in this respect.

Indeed, there is no averment in the complaint that any of the property in question was in the possession of Sweetser. The nearest approach to such an averment is the allegation that Sweetser " *claims* to hold" the property and proceeds as the successor to the trustee named in the deed, and the allegation that the plaintiff demanded of said Sweetser an accounting for and surrender of the property. On the other hand, it is not averred that James Sweetser, the trustee named, ever had possession, but rather the contrary, in that it is alleged that the decedent did not, by the deed or otherwise, part with possession and control of all or any of the property, but reserved and was in full and actual possession at the time of his death.

The fair, if indeed not the strict and necessary, construction of the complaint would seem to be that the trust deed was executed, but possession never delivered and taken, and the

trust in no manner executed by the parties, the grantor having retained actual possession until his death; and that now the defendant claims to hold as successor to the trustee named. That he was ever named or appointed such successor, or obtained actual control of any of the property, is not alleged, and, by the familiar rule of construing a pleading most strongly against the pleader, an inference of such possession would seem to be inadmissible.

The only construction which will admit of such an inference must be in holding that the allegations concerning the possession reserved and held by the decedent, after the making of the deed, are not to be treated as averments of fact independent of the deed, but as declaring the pleader's interpretation of that instrument, namely, that, notwithstanding the possession of the property by the trustee under the deed, yet the actual control and possession, by reason of the reservation, was in the grantor. Adopting this view, for the sake of the argument, and treating the deed as a part of the pleading, we are of opinion that the demurrer was properly sustained.

Upon this view it stands admitted that the personal property, which alone is in controversy, was in this State, and was delivered to the trustee resident in the State under the trust deed, which was made in this State. It is not claimed that there are any creditors of the intestate who can be injured if the deed is upheld; and there is nothing in the law of this State which gives the wife an interest in the personal estate of the husband which in any manner restricts his power of disposition during life. In what he dies possessed of she has an interest, but during life he may dispose of it by gift or otherwise, to the exclusion of any claim on her behalf.

Whether the law of Ohio, if found to be in conflict with our own, would be permitted to govern the case, we do not find it necessary to decide. See *Ames Iron Works* v. *Warren,* 76 Ind. 512 (40 Am. R. 258); *Hibernia National Bank* v. *Lacombe,* 84 N. Y. 367 (38 Am. R. 518).

We find nothing in the alleged laws of Ohio which, if appli-

·cable, can be deemed to invalidate the deed in question, or the trust therein declared. When strictly construed, as statutes in derogation of the common right to hold and dispose ·of property ought to be construed, the statute applies only to declarations of trust solely in favor of the person or persons making the same; and there are manifest considerations of policy and reason in support of such a law, as there are for the provision that a conveyance or devise of land to a nominal trustee, who has no power of disposition or management, shall be void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary. R..S. 1881, sec. 2981. On the other hand, there seems to be no good reason whatever for restricting or forbidding the right of the owner of personal property, if not real, to transfer the same upon such trusts and by such a deed or instrument as the one before us, where the title and possession are given to the trustee for the use of the beneficiaries named, reserving the income and profits, and the principal, if necessary, and only to the extent necessary, for the grantor's maintenance.

Judgment affirmed.