No. 14,922.

## LOY *v.* LOY.

HUSBAND AND WIFE.—*Desertion by Husband.—Right of Wife to Crops Grown on Husband's Land.*—Where a husband deserts his wife and children, leaving them without support, the wife may cause the land left in her possession to be cultivated during his absence for the support of herself and children, and her rights in the crop are superior to the rights of a chattel mortgagee of the husband with notice of all the facts.

From the Hendricks Circuit Court.

*J. L. Clark* and — *McQuown*, for appellant.

*L. M. Campbell*, for appellee.

MILLER, J.—This was an action brought by the appellant to enjoin the appellee from using or removing a lot of corn.

The complaint avers that Amos D. Loy, on the 10th day of September, 1888, executed to the plaintiff a chattel mortgage on about thirty acres of growing corn, and other personal property, to secure the payment of certain notes executed by said Amos D. to the plaintiff; that by the terms of the mortgage, and by reason of the failure of the mortgagor to pay the notes therein mentioned, at maturity, the plaintiff took possession of the mortgaged property and became the absolute owner thereof; that the defendant has cut up, and placed in shocks, four acres of the corn, and is proceeding to remove portions of the same, and to feed it to stock.

To this complaint the defendant answered in two paragraphs: 1st. A general denial. 2d. That she was, and for nineteen years had been, the wife of the mortgagor, Amos D. Loy; that in March, 1888, said Amos deserted the defendant and their four minor children, and expressly relinquished his claim to the services of his children; that since that time he has failed to make any provision for the support of his wife and children, but left them destitute and liable to suf-

Loy *v.* Loy.

fer ; that thereupon the defendant procured her sons to plant and cultivate the crop of corn in controversy for her and their support, and that the same constitutes her and their sole dependence for subsistence ; that the corn was raised on the family homestead, where she and her children lived together as one family ; that she has at all times had possession of the corn, and that the plaintiff had, at the time of the execution of the mortgage, knowledge of all these facts.

A demurrer was overruled to this paragraph of answer, and the action of the court in so doing is assigned as error.

No authority has been cited, and we have been unable to find any, directly bearing upon the question of law involved.

The law places no restriction, in the interest of the wife, upon the power of husband to dispose of his personal estate. *Pond* v. *Sweetser,* 85 Ind. 144.

That the husband is under legal obligation to support his wife, unless she has forfeited her right, or waived it, whether they are living together or apart, is so well established that it would be useless to cite authorities in support of the proposition.

The common law remedies by which the wife could enforce her right by application of the rules of agency in binding the credit of the husband for the wife's necessaries have been greatly enlarged by various statutes, giving her in addition the direct remedies by suit for alimony and maintenance. The purpose in the enactment of these statutes has not been to curtail or limit the rights and remedies of the wife, whose husband has absconded, but to enlarge and make them more efficient. A husband who wrongfully abandons, and refuses to support his wife and family, not only subjects himself to the various civil and criminal penalties provided by legislative enactment, but he impliedly clothes her with authority to feed and clothe herself and children by the ordinary use and consumption of the property left in her possession, and, to a limited extent, to exercise such authority and control

over his property and business as may be necessary for its preservation and the support of herself and children.

It has been held that if the wife is entirely unprovided for by her husband, she may sell such of his personal property as will supply her necessities. *Ahern* v. *Easterby*, 42 Conn. 546.

When a husband and father abdicates his position in the family, the law will not require his family to starve or go unclothed, or his fields to stand uncultivated, for want of authority in his wife to take his place in the management of affairs.

The Legislature has recognized the agency of the wife by permitting her, in his absence, to claim his property as exempt from execution. Section 715, R. S. 1881.

In our opinion, the appellee had the right, under the circumstances set forth in the complaint, to cause the land left in her possession to be cultivated during his absence, for her own support and that of her children; and that after the crop of corn had been raised and matured, she had some rights in the same superior to her husband, or his grantee or mortgagee with notice.

That she was entitled to hold and use so much of the crop thus planted and cultivated by her procurement as was necessary to procure the necessaries of life for herself and infant children is unquestionable.

The court did not err in overruling the demurrer to the second paragraph of answer.

The appellant contends that there was not sufficient evidence to support the finding and judgment of the court, the claim being made that there was no evidence tending to show that the father had relinquished his claim to the services of his children. We do not regard this as an important element in this case, but are satisfied that little else than the abandonment of the children and their mother need be shown to establish their emancipation.

In *Hollingsworth* v. *Swedenborg*, 49 Ind. 378, the court

cites with approval this language: " Whilst it is the duty of a father to nourish, support and maintain his minor child, it is equally the duty of such child to obey and serve his father, in all that may be reasonably required of him. These duties are reciprocally binding upon the parties; support and maintenance on the one hand and obedience and service on the other, the one being dependent upon, and compensatory of the other. And, although the general principle is clear and unquestioned, that the father is entitled to the services of his minor child, and to all that such child earns by his labor, yet, it seems to be equally clear, that, as the right of the father to the services of the child is founded upon his duty to support and maintain his child, if he should fail, neglect, or refuse to observe and perform this duty, his right to the services of his child should cease to exist."

We have read the evidence and find that it fully supports the second paragraph of answer.

Judgment affirmed.

Filed April 25, 1891.