No. 482.

## HALLETT *v.* HALLETT ET AL.

HUSBAND AND WIFE.—*Right of Wife of Insane Man to Support Out of His Estate.—Remedy.—Can not Bring Action Against.—Guardian and Ward.*—The wife and minor children of an insane man, whose estate is in the hands of a guardian, should be provided, out of the estate, with such things as are reasonably necessary for their comfort and welfare, and if the guardian fail to make suitable provisions for them, application therefor may be made to the court under whose authority the guardian is acting, and the court should direct the guardian to make proper provisions; but the wife has no right of action, under such circumstances, against her husband's estate, for such support.

SAME.—*Right of Wife and Children of Insane Man to Crops Raised by Them on His Lands.—Seizure by Guardian.—Remedy.*—The wife and minor children of an insane man have a right to the use, for their support, of grain (wheat) raised by them on the lands of the husband and father, previous to the appointment of a guardian for him. The guardian has no right to the custody of such grain, and, on a seizure of the same by him, no right of action lies against him therefor, as guardian; but if any exists, it would be against him as an individual.

From the Montgomery Circuit Court.

*G. D. Hurley* and *M. E. Clodfelter,* for appellant.

*W. T. Wittington, H. D. Van Cleave* and *H. A. Wilkinson,* for appellees.

VOL. 8—20

Ross, J.—The appellant, in May, 1891, filed her complaint in three paragraphs, alleging, that she and the appellee Elijah P. Hallett were husband and wife, having been married fifteen years prior to the filing of her complaint; that they lived and cohabited together from the time of their marriage until in the year 1888, at which time her said husband became of unsound mind, and was sent to the Hospital for the Insane at Indianapolis, where he is now confined; that as a result of such marriage there were born to them five children, all of whom are now living, and range in age from four to fourteen years; that at the time her husband became insane he was the owner of an undivided one-third interest in two hundred acres of land, said interest therein being of the value of twenty-two hundred dollars; also the owner of personal property of the value of three hundred dollars; that there were situated on said land a dwelling house and other necessary out-buildings, which were occupied and used by appellant, her husband, and their children, and after her husband became an inmate of the hospital she and their children continued to reside on said land, and occupy said dwelling house as a home, and continued to use the real estate and personal property of her said husband in supporting herself and children; that by the use of all of her husband's property, and by the most persevering industry and strictest economy, she was hardly able to support herself and children from the use of said property; that about two years after said Elijah P. Hallett became insane the appellee Henry D. Vancleave was appointed his guardian, who, as such guardian, immediately took possession of all the property and effects of his ward, together with eighty-five bushels of wheat which she had raised on said land, of the value of seventy dollars; and that he afterwards returned to the appellant about three hundred dollars

Hallett *v.* Hallett *et al.*

worth of the personal property, consisting of live stock and household goods; that in October, 1890, in a suit brought by the owners of the other two-thirds of said land, against said Vancleave, as guardian, for partition, there was set off to said Elijah P. Hallett sixty-six acres and seventy-two hundredths of an acre, the greater part of which was in timber, there being no dwelling house thereon; that said guardian, under an order of the court, sold timber from the land, receiving therefor the sum of four hundred and ten dollars; that she has been deprived of her only means of support for herself and children, by reason of the taking from her of the husband's said property, and that she and her infant children are dependent upon charity; that in the care and support of their children during the year preceding the filing of her complaint, she incurred liabilities in the sum of two hundred and fifty dollars, which she requested said guardian to pay, and that he refused to pay the same, or in any manner provide for her or her children; that soon after said guardian procured the order for the sale of said timber she demanded that he turn over one-third of the proceeds of such sale to her, which he promised to do, but has failed and refused to do.

To each paragraph of the complaint the defendants filed demurrers, which were sustained by the court, and the plaintiff refusing to amend, judgment was rendered in favor of the defendants.

In support of the sufficiency of the facts alleged to constitute a cause of action, it is insisted, first, that appellant and her children are entitled to support out of the husband's estate, and for a failure to furnish the same a cause of action accrued in her favor against the guardian; second, that appellant, having an inchoate interest in her husband's real estate, the timber being a part of the real estate, a sale thereof by the guardian

gave her a vested right in one-third of the proceeds of such sale, and third, that she was entitled to recover the value of the eighty-five bushels of wheat which she raised on her husband's lands, and which was taken from her by said guardian.

This action is virtually against the husband for support. Under the common law no such right of action existed, in favor of the wife, hence we must look to the statute for a remedy if any exists.

A husband is liable for necessaries furnished his wife, although not furnished at his request, nor under an express promise to pay therefor. *Eiler* v. *Crull*, 99 Ind. 375. It is the duty of a husband to support his wife, and this legal obligation creates a liability in favor of one furnishing her the necessaries for such support, and while the common law afforded the wife no personal remedy for which she could bring an action and enforce such remedy, yet through the rules of agency she was enabled to bind his credit, thus procuring the desired result.

Numerous statutes have been enacted by the legislature of this State, enlarging the rights and remedies of the wife. For instance, section 5132, R. S. 1881, provides that "A married woman may obtain provision for the support of herself and the infant children of herself and husband, in her custody, in any of the following cases:

"First. Where the husband shall have deserted his wife, or his wife and children, without cause, not leaving her or them sufficient provision for her or their support.

"Second. When the husband shall have been convicted of a felony and imprisoned in the State prison, not leaving his wife or his wife and children sufficient provision for her or their support.

"Third. When the husband is an habitual drunkard,

and by reason thereof becomes incapacitated or neglects to provide for his family.

"Fourth. When a married man renounces the marriage covenant, or refuses to live with his wife in the conjugal relation, by joining himself to a sect or denomination, the rules and doctrines of which require a renunciation of the marriage covenant or forbid a man and woman to dwell and cohabit together in the conjugal relation according to the true intent and meaning of the institution of marriage."

Again, section 2966, R. S. 1881, provides that, "In all cases where the guardian of any person of unsound mind, under the direction of any court of competent jurisdiction, has made or may hereafter make sale of any lands of such person of unsound mind, the wife of such person of unsound mind may, by her separate deed, release and convey all her interest in and title to such land; and her deed, so made, shall thereafter debar her from all claim to such land, and shall have the same effect on her rights as if her husband had been of sound mind and she had joined with such husband in the execution of such conveyance."

The law of descent, section 2492, R. S. 1881, reserves to the widow and children the use of the family dwelling house and the messuages thereunto pertaining, and fields adjacent, not exceeding forty acres, free of rent for one year from the death of the husband; and section 2262, R. S. 1881, reserves, in case of the husband's death, for the use of the widow and minor children, all the provisions on hand, provided for consumption by the family.

Admitting, as we must, that for a husband to become hopelessly insane is a greater misfortune to his family than his removal by death, yet none of the above sections of the statute provides a remedy in case of his in-

sanity, whereby the wife may either sell or encumber her husband's estate, or have any interest therein set off to her in her own right.    Whether the husband is sane or insane, the wife is entitled to support, and while she can neither dispose of his estate, nor sue and recover means from his estate with which to support herself, except in the cases provided by section 5132, *supra,* she may procure the necessaries for the support of herself and children, and the husband's estate will be answerable therefor.

In the case of *Booth* v. *Cottingham, Guar.,* 126 Ind. 431, which was an action brought by the appellant to recover for medical services rendered the wife of appellee's ward, the court says:    "It would be a reproach to the law if the wife of an insane man, whose estate is in the hands of a guardian, were denied the necessaries of life (and, surely, medical attention in illness is necessary), but no such reproach rests upon the law.    For many years it has been settled that the wife of an insane man shall be provided with such things as are reasonably necessary to her comfort and welfare."

As long as no guardian had been appointed to take charge of and manage her husband's estate, the appellant had a right to manage and use it for the support of the family, but upon the appointment of the appellee Vancleave, as guardian, he became the proper custodian of all his ward's estate.    If such guardian failed or refused to make suitable provision for appellant and her children, she might have applied to the court under whose authority the guardian was acting, and the court would direct the guardian to make proper provision.    This seems to have been the course pursued in the case of *State, ex rel.,* v. *Wheeler,* 127 Ind. 451, which meets our approval as to the proper course to pursue.

It is true that the timber while standing upon the land,

was a part of the realty itself, but when it was severed, it at once became personal property.

Among other facts alleged in the first paragraph of the complaint, it is averred that appellant raised eighty-five bushels of wheat on her husband's land the year preceding the appointment of the appellee Vancleave, as guardian, which he, as such guardian, took possession of and sold. The appellant and her children had such an interest in the wheat raised by them previous to the appointment of appellee Vancleave, as entitled them to use the same for their maintenance and support, and to the possession of which he had no right as such guardian.

While we find no direct provision authorizing the wife, in case of the involuntary absence of the husband, to cultivate his lands and thus provide for the support of herself and children, an unwritten law grants to the wife the right, by her own exertions, to provide sustenance and clothing for herself and those left helplessly in her charge, and to that end may use the property of her husband.

In *Loy* v. *Loy*, 128 Ind. 150, which was an action brought by the appellant to enjoin the use and removal of personal property claimed by appellant under a chattel mortgage, given by the husband after he had deserted his wife and children, the mortgagee being cognizant of the facts; the wife set up in defense the fact of such desertion and failure to provide by the husband, and that her children, after such desertion, had planted the crops mortgaged, which had been cultivated for the support of herself and children, the same constituting their sole dependence for subsistence. This answer was sustained by the lower court, and on appeal the Supreme Court says: ''A husband who wrongfully abandons, and refuses to support his wife and family, not only subjects himself to the various civil and criminal penalties pro-

vided by legislative enactment, but he impliedly clothes her with authority to feed and clothe herself and children by the ordinary use and consumption of the property left in her possession, and, to a limited extent, to exercise such authority and control over his property and ,business as may be necessary for its preservation, and the support of herself and children.'' Such seizure and conversion by the appellee Vancleave, vests no right of action in appellant against him as such guardian, but if any exists, it would be against him as an individual. *Rose* v. *Cash,* 58 Ind. 278.

Counsel for appellant, while pointing out with great clearness the justness of a wife's claim to support out of the estate of her insane husband, have failed to cite either statute or adjudicated case wherein the wife is given a right of action against her husband's estate, for such support, and we are unable to find any such authority.

There was no error in sustaining the demurrers to each paragraph of the complaint.

Judgment affirmed.

Filed Sept. 20, 1893; petition for a rehearing overruled Nov. 28, 1893.