Filed June 19, 1894.

———————◆———————

No. 1,247.

CARROLL *v*. SWIFT ET AL.

DECEDENT'S ESTATE.—*Matter Constituting a Claim not Allowable in a Distribution of Surplus.*—A claim arising from the contract and act of the decedent should be filed as a claim against the estate, and can not be allowed in a proceeding to distribute the surplus.

WILL.—*Presumption that Testator Disposed of all His Property.*—If a person dies testate, the presumption is that he disposed of all his property subject to such disposition, and the courts endeavor to put that construction upon wills as show a complete disposition of all property.

From the Orange Circuit Court.

*J. L. Suddarth* and *W. J. Throop*, for appellant.

*J. L. Megenity*, *W. Farrell* and *H. H. Farrell*, for appellees.

LOTZ, C. J.—The appellant filed her petition in the circuit court, in which it is alleged that she is the widow of one Benjamin Carroll, deceased; that as such widow she is entitled to a distributive share of one-third of the surplus of said estate after the payment of all debts and

expenses of administration; that Benjamin Carroll, prior to his marriage with the appellant, executed a will, which fact he concealed from the appellant; that at the time of her marriage with said Benjamin, he was the owner of a large amount of real estate, situate in Orange county, of the value of $10,000, all of which real estate is specifically described; that after the marriage, Benjamin Carroll desiring to convey said real estate, it was agreed by and between him and the appellant, that if she would sign the deeds and join in the conveyance of said real estate, he would pay her six hundred dollars cash and allow her one-third of the personal property held by him at the time of his death; that in consideration of said agreement, the appellant did sign the deeds and joined in the conveyance of all of said realty; that such promise and agreement was the only consideration for joining in said conveyances; that at the time of his death said Benjamin was the owner of, and in. the possession of, a large amount of personal property, all of the value of $7,889.71; that after the payment of all the debts and costs of administration, there remains for distribution the sum of $5,338.41, one-third of which, to wit, $1,-779.47, belongs to, and is the distributive share of, the appellant, as the widow of Benjamin Carroll; that the appellee Swift, as the executor of the will of Benjamin Carroll, has distributed among certain of the children and heirs of Benjamin Carroll the sum of $1,752.31, and has paid to the clerk of the court the sum of $3,723.57 for distribution; that said heirs claim all of said fund, and deny the right of appellant to any part or share thereof, and refuse to allow her to receive one-third or any part of said sum.

The prayer of the petition is that the court order that $1,779.47 be paid to her as her one-third share in said estate, and all other proper relief.

Swift, as executor of the will of Benjamin Carroll, and his children and heirs at law, were made parties to the proceeding, and process was issued against them. The executor and other heirs appeared and moved to strike out all that portion of the petition relating to the agreement for the conveyance of the real estate. This motion was sustained, and this ruling presents the first error assigned. There was no error in this ruling. The facts stricken out, perhaps, might have constituted a valid claim against the estate of the deceased. A claim against an estate can not be allowed in a proceeding to distribute the surplus. Unless the claims are all allowed, there is no means of ascertaining the surplus. It is true, that in distributing the surplus among the heirs the court may equalize the shares by taking into consideration advancements that have been made; but an advancement is not a claim against an estate. It is a portion of the estate already distributed. The court may take into consideration debts due the estate from the distributees, but such debts are not claims against, but in favor of, the estate. An order distributing the surplus of an estate deals with the rights of the parties as fixed by the law. The claim made by the appellant, growing out of the conveyance of the real estate, is one that arises from the contract and act of the deceased, and should be filed as a claim against the estate under section 2465, R. S. 1894.

The appellees demurred separately to the petition, and their demurrers were sustained and final judgment was rendered in their favor on this ruling. This ruling presents the other error assigned. After the motion to strike out was sustained, enough of the petition remained to show substantially this state of facts: That the appellant is the widow of Benjamin Carroll, deceased; that the said Benjamin died testate; that the appellee Swift, as the executor of his will, has paid all the debts and

costs of administration; that the surplus remaining from the personal estate for distribution among those lawfully entitled thereto, was $5,338.41, one-third of which, to wit, $1,779.49, belongs to the appellant, given her by law as the widow of Benjamin Carroll; that her right to a distributive part of said fund is denied by appellees.

Prior to the act of March 9, 1891 (Acts of 1891, p. 404), a surviving wife took no absolute interest in the personal estate of her husband, except as to the statutory allowance of $500. He might dispose of the surplus after the payment of debts by will. Section 2651, R. S. 1894; *Shaffer* v. *Richardson's Admr.*, 27 Ind. 122.

There is no averment in the complaint as to when Benjamin Carroll died, but appellant's counsel seem to treat the case as if the death occurred before that time, and we so treat it. The allegation is that the husband died testate, but neither the will nor its contents are set out in the pleading. There is nothing to show that the surplus was not disposed of by the will, nor is there anything to show a surplus after the payment of debts, legacies and costs. Whenever a person makes a will the presumption arises that he disposes of all his property subject to such disposition; and courts endeavor to put that construction upon wills as show a complete disposition of all property, and that the deceased did not die intestate as to any of his property.

It was incumbent upon the appellant to show a clear and distinct right to a distributive share of the personal property. This the pleading does not do. It is subject to the inference that the testator made a full and complete disposition of all his property.

There was no error in sustaining the demurrer to the petition.

Judgment affirmed, at costs of appellant.

Filed June 22, 1894.