## .UNGER *v.* MELLINGER, EXECUTOR.

[No. 5,585.   Filed April 27, 1906.]

1. APPEAL AND ERROR.—*Answer.—Initial Attack on Appeal.*—An answer can not be attacked for insufficiency of facts for the first time on appeal.   p. 641.

2. PLEADING.—*Answer.—Denial of Part of Complaint.—Avoidance of Part.*—Under the Indiana code (§350 Burns 1901, §347 R. S. 1881) an answer denying part of the allegations of the complaint and avoiding others constitutes but a single ground of defense.   p. 641. ·

3. SAME. — *Answer. — Additional Answer. — Paragraphs. — Demurrers.*—Where defendant answered by a single paragraph in confession and avoidance and later filed an additional answer, also in avoidance, a demurrer to the "second paragraph of answer" presents no question, such answers presenting but a single defense and thus but one paragraph.   p. 642.

4. APPEAL AND ERROR.—*Appellate Court Rules.—Briefs.*—All questions not discussed in appellant's brief are waived.   p. 643.

5. SAME.—*Assignment of Errors.—Weight of Evidence.—New Trial.*—A motion for a new trial on the ground of insufficient evidence sufficiently presents on appeal the question of the weight of the evidence.   p. 643.

6. HUSBAND AND WIFE.—*Descent and Distribution.—Inchoate Interests.*—Husbands and wives have contingent interests in each other's property which vest at death, and which may be taken away only by a valid marriage settlement.   p. 644.

7. SAME. — *Antenuptial Contracts. — Consideration.* — An antenuptial contract made in consideration of marriage is valid and enforceable.   p. 644.

8. SAME. — *Postnuptial Contracts.—Marriage.—Consideration.*— Marriage furnishes no consideration for a postnuptial contract.   p. 644.

9. HUSBAND AND WIFE.—*Conveyances of Inchoate Rights.*—The inchoate interest of the husband or wife in the other's property cannot be conveyed without a conveyance of the property of the other.   p. 645.

10. SAME. — *Postnuptial Contracts.—Consideration.*—The post-nuptial promise to release the wife's property from any claim of marital rights is no legal consideration for a promise by the wife to release her marital rights in the husband's property. p. 645.

11. SAME. — *Postnuptial Contracts.—Executory.*—A postnuptial promise by the husband to release his claim of marital rights in his wife's property in consideration that she release her marital rights in his property is executory and may be disregarded by either party.   p. 645.

From Clinton Circuit Court; *Joseph Claybaugh,* Judge.

Suit by John Unger against Jacob Mellinger as executor of the last will of Eliza Unger, deceased. From a decree for defendant, plaintiff appeals. *Reversed.*

*John C. Rogers* and *W. R. Moore,* for appellant.
*Brumbaugh & Curtis,* for appellee.

MYERS, J.—By petition filed in the court below appellant sought an order against the executor of the estate of his deceased wife, requiring such executor to distribute to him one-third of the net proceeds of her personal estate.

The petition is in one paragraph, and is upon the theory that, as surviving husband, and having renounced the testamentary disposition of the property made by his wife, he is allowed by law one-third of her personal estate. Appellee answered appellant's petition by confession and avoidance. A demurrer to this answer for want of facts was overruled, and issues thereon formed by reply in general denial. These issues were submitted to the court for trial, finding and judgment. Evidence was introduced and argument of counsel heard, and on November 17, 1904, the cause was submitted to the court for final decision, and the same taken under advisement. On December 5, and before any decision of the court was had, appellee asked and

obtained leave to file an additional answer to appellant's petition, and to introduce additional testimony, to which action of the court appellant excepted.  Appellant's additional answer alleges a postnuptial contract in writing by which appellant and appellee's decedent, Eliza Unger, mutually contracted that neither should inherit from the one dying first; that neither would claim any of the property, real or personal, of the other, which either might own at the time of his or her death; that said agreement has been mislaid, lost or destroyed; that diligent search and inquiry has been made and the same can not be found; that he is unable more fully to set it out in his answer. Judgment is demanded.  The general denial formed the issue on the answer.  Appellee introduced evidence in support of this additional paragraph, and the cause was again submitted for final consideration and decision by the court. On December 13 the court made a general finding for appellee, and rendered judgment that appellant take nothing by his petition, and judgment for costs in favor of the estate represented by appellee.

We will consider the errors assigned in the order presented by the record.

(1)  By appellant's first assignment of error he questions the sufficiency of appellee's additional answer for the first time on appeal.  Under our code a complaint for want of facts may be so challenged, but such right does not extend to an answer.  *City of Evansville* v. *Martin* (1885), 103 Ind. 206; *Deller* v. *Hofferberth* (1891), 127 Ind. 414; *Moreland* v. *Thorn* (1896), 143 Ind. 211; *Austin* v. *McMains* (1896), 14 Ind. App. 514.

(2)  The second error is based on the overruling of the demurrer to the second paragraph of answer.  From the briefs filed in this cause there appears to be some controversy as to whether the pleading filed by appellee, designated as an answer to appellant's

petition, is to be treated as an answer in one or two paragraphs. It seems that appellant treated such answer as an answer in two paragraphs. The record entries so designate it, but appellee insists that although the answer confesses and avoids part of the allegations of appellant's petition and denies all others, it is nevertheless a single defense and should be treated as a single paragraph. Our code (§350 Burns 1901, §347 R. S. 1881) provides that where more than one ground of defense is relied on "each shall be distinctly stated in a separate paragraph, and numbered." If the pleading was intended as an answer containing more than one paragraph, it is not in accord with the above provision of the code. The pleading does not contain a general denial to appellant's petition, but the denial is limited to such allegations as are not admitted and sought to be avoided by affirmative facts. It does not admit and deny the same facts so as to constitute a contradiction, and thereby make the pleading bad. *Weser* v. *Welty* (1897), 18 Ind. App. 664; *Board, etc.,* v. *Woodring* (1895), 12 Ind. App. 173, 177. A recognized rule of pleading permits a single paragraph of answer to confess certain allegations of a complaint, and avoid the same by affirmative facts and deny all others, and such paragraph will be treated as containing but one ground of defense. *Childers* v. *First Nat. Bank* (1897), 147 Ind. 430; *State, ex rel.,* v. *St. Paul, etc., Turnpike Co.* (1883), 92 Ind. 42; *Colglazier* v. *Colglazier* (1889), 117 Ind. 460.

Considering the allegations of the petition which are denied and those confessed and attempted to be avoided by the answer, we must conclude that it was the purpose of the pleader to set forth but a single defense, and the pleading should be construed as a single paragraph. At the time of filing the demurrer, the overruling of which is the basis of this error, there was no answer on file to which such demurrer was applicable, and for that reason the court did not err in overruling it.

(3)  The court refused to require appellee to make the second paragraph of answer more specific, and on this ruling error is assigned.  This assignment is not

4.  argued, and will be considered as waived.  In any event, the conclusion reached on the second error herein is decisive of this question against appellant.

(4)  Appellant's fourth error asks this court to weigh the evidence.  The question sought to be presented by this error is presented by his motion for a new trial.

5.  *Parkison* v. *Thompson* (1905), 164 Ind. 609.

(5)  Appellant's motion for a new trial was over-ruled, and this ruling is assigned as error.  In the original motion many causes are noted, but we will consider only those here argued by appellant.  Appellant insists that the decision of the court is contrary to the evidence and contrary to law.  The evidence in this cause clearly establishes that at the time of the marriage of appellant with appellee's decedent, each had a separate estate, personal and real. The same was kept separate and apart from the other and treated as separate estates during their entire married life. One witness testified that he had known the appellant about fifty years and had been on friendly terms with him during that time, and in a conversation relative to the property of himself and wife, and the right of one to the property of the other, and as to a contract or agreement between himself and wife, appellant said there was both an agreement and contract in black and white, and that both had signed. it.  He said she should receive nothing and he should receive nothing, he had enough.  Another witness testified to having heard the same conversation, and that Mr. Unger said: "That was all fixed in black and white; when she dies I get nothing of her property, and when I die she gets nothing of my property, I have enough."  The scrivener who prepared the will of decedent testified that appellant and his wife came to his office, and Mr. Unger told him that his wife wanted to make her will, and "he said, 'I want her

to make her will,' and we sat down to the table that was there in the office and I took down in pencil memorandum the will, the points   *   *   *   as they were given to me there by Mrs. Unger, in the presence of Mr. Unger, *   *   *   and after it was in typewriting I read the will to them, and Mrs. Unger signed it in my office, in the presence of Mr. Unger.   *   *   *   ·He said that he did not want any of her property; that he wanted Aunt Eliza   *   *   *   to do with the property as she pleased, and the will was written that way." The foregoing is a substantial statement of the evidence supporting the contention of appellee.

In this State common-law property rights, as between husband and wife, have been modified, yet by virtue of the marital right the law casts upon each a contingent interest in the other's property, which, in the event of death, becomes fixed in the survivor, and which can be abridged or taken away only to the extent stipulated in a marriage settlement.

6.

Such settlements or contracts, like all other contracts, must be supported by a consideration. Marriage furnishes a consideration for an antenuptial agreement, and such agreement will be effective to control the marital right of each in the estate of the other, although the law may provide a different rule. *McNutt* v. *McNutt* (1889), 116 Ind. 545, 562, 2 L. R. A. 372, and authorities there cited.

7.

In the case at bar appellee rests his defense to the petition upon what is claimed to be a postnuptial contract, whereby each was to hold his or her antenuptial property to his or her separate use, and on the death of one the survivor to have no marital claim on the estate of the other. Unlike antenuptial contracts, marriage furnishes no consideration for a postnuptial agreement. "In the one case it prevents the inchoate right from attaching, while, in the other, it can at the utmost do no more

8.

than remove it after it has attached." Bishop, Law of Married Women, §430.

There is absolutely no evidence of any transfer of property from either of the parties to the other or a release of any present or contingent interest, by any mode known to the law. The inchoate interest of the wife in the lands of her husband is not an estate which can be conveyed without joining with it the interest of the husband. *Davenport* v. *Gwilliams* (1892), 133 Ind. 142, 22 L. R. A. 244; *Rupe* v. *Hadley* (1888), 113 Ind. 416; *Frain* v. *Burgett* (1898), 152 Ind. 55; *Ohio Farmers Ins. Co.* v. *Bevis* (1897), 18 Ind. App. 17; *Howlett* v. *Dilts* (1892), 4 Ind. App. 23. It has also been held that the husband's interest in the wife's land "is precisely of the same character as the wife's inchoate interest in his real estate." This being true, he had no present interest in his wife's real estate which could have been separately conveyed for any purpose. *Huffman* v. *Copeland* (1894), 139 Ind. 221, 229.

As we see the evidence in this case, there is a failure of proof to show any consideration to support the agreement to forego the marital right each had in the other's property. But if it could be concluded that the contract was of such a nature that the release of the inchoate interest of the one should be considered as a sufficient consideration for the release of the inchoate right of the other (and there is no evidence of such fact), then the contract would be executory, and of no binding force in case either should choose to disregard it, and claim the provision made by law.

The personal property of each remained in the possession and under the absolute control of its owner, and was subject to the disposition of such owner, without the consent of the other party to the agreement. There was nothing in the contract proved to prohibit such disposition, and, this being true, it follows that either was

at liberty to revoke such agreement at any time. Appellant disaffirmed the testamentary disposition made by his wife of her property, and is demanding his rights under the law. This, under the facts here appearing, he is at liberty to do. In view of this conclusion, we deem it unnecessary to notice any other questions here presented.

Judgment reversed, with instructions to grant. a new trial, and the right to the parties to amend the pleadings if either of them so desires.