[S. F. No. 14613. In Bank.—July 18, 1933.]

In the Matter of the Estate of JOSEPH S. O'CONNOR, Deceased. CAROLINE H. O'CONNOR, Appellant; CHARLES B. O'CONNOR, Respondent.

Shelton, Gray & McWilliams, Charles A. Gray, Olin L. Everts, U. S. Lesh and James E. Lesh for Appellant.

Perry Evans for Respondent.

THE COURT.—We have re-examined the questions involved in this appeal and find ourselves in entire accord with the conclusion and opinion of the District Court of Appeal, Division One of the First Appellate District, and we hereby adopt that opinion as the opinion of this court in this cause, as follows:

"An appeal from an order and decree sustaining the demurrer of respondent executor to appellant's petition for a decree of partial distribution and denying said petition.

"Appellant is the widow of decedent, who at the time of his death was a resident of California. They were married on March 28, 1925, at which time, according to the petition, both had their legal residence and domicile in Indiana. Within a few days after the marriage they separated, and decedent came to California, where he established his residence. Thereafter he commenced in Los Angeles county an action for a divorce from appellant, but died testate before the action terminated. Proceedings for the administration of his estate are pending in the superior court of the city and county of San Francisco. The petition alleged 'that prior to her marriage with decedent the decedent represented to the petitioner that he owned stocks, bonds and other securities of an amount in value in excess of $200,000, which stocks, bonds and securities were issued by corporations having their domicile in said state of Indiana; that said decedent did in fact own said securities at and prior to the time of said marriage, and he made said representations to the petitioner as inducements for her engagement to marry him, and they were intended to and in fact did operate as a part of the consideration for the consummation of said marriage on part of the petitioner.

" 'That at, prior to and continuously since the time of said marriage it was and is the law of said state of Indiana that if a man dies testate leaving a widow, one-third of his personal estate shall descend to said widow subject to its proportion of the debts of said decedent, and that any such widow shall have the right to reject and renounce the provisions made for her under the terms of the will and elect to take under the laws of said state; that it was and is further provided by the laws of said state that any surviving wife desiring to renounce the provisions made for her in any such will shall file her election in writing, duly signed and acknowledged before some officer authorized to take acknowledgments of deeds, and cause such election to be filed within one year after such will has been admitted to probate in said state.

" 'That similar statutory provisions were made in favor of a husband with reference to property and property rights

owned by a wife, with like right of election in favor of a surviving husband to take under the law instead of any provisions made for him by will; that under the decisions of the courts of said state having final jurisdiction over the subject matter thereof, said statutory provisions have been construed as modifying the common law property rights as between husband and wife, and holding it to be the law of said state that by virtue of the marital contract and the rights accruing therefrom the law casts upon each a contingent interest in the other's property which in the event of death becomes fixed in the survivor and which can be abridged or taken away only to the extent stipulated in a marriage settlement; that your petitioner herein has duly executed and filed or caused to be filed her renunciation of the decedent's will and the provision therein made for her and her election to take under the laws of their matrimonial domicile, being said state of Indiana, which renunciation and election was filed within the time and in the manner required by law.

" 'That after the separation between your petitioner and the decedent as hereinbefore stated, the decedent disposed of the stocks, bonds and securities so owned by him at the time of their marriage and converted the proceeds thereof into the property, stocks and bonds described in the inventory filed by the executor herein, and that the property and property rights represented by said inventory are in legal effect the same as those owned by the decedent at the time of their marriage; that the petitioner is entitled to a distributive share of the funds remaining for distribution after the payment of the decedent's debts, in an amount equal to one-third thereof.'

"Appellant contends that she is entitled to the portion of decedent's personal estate which she could have claimed under the laws of Indiana notwithstanding his attempted disposal thereof by his will.

"By the Code of 1852 dower was abolished in Indiana (*May* v. *Fletcher*, 40 Ind. 575); but with regard to the wife's interest in her deceased husband's real estate it is provided by statute that 'if a husband die testate or intestate leaving a widow, one-third of his real property shall descend to her in fee simple free of all demands of creditors . . . ' (Burns' Annotated Indiana Statutes 1926, sec. 3337 [3014]);

and that 'a surviving wife is entitled . . . to one-third of all the real estate of which her husband may have been seised in fee simple at any time during the marriage and in the conveyance of which she may not have joined in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death, provided that if the husband shall have left a will the wife may elect to take under the will instead of this or the foregoing provisions' (Burns' Annotated Indiana Statutes 1926, sec. 3349 [3029]).

"It has been held with respect to said section 3337 (3014) that the wife acquires her title thereunder by descent as an heir of her husband; but that under section 3349 (3029) her title is by purchase by virtue of her marital rights and not as an heir, and that in both cases her title vests at the same time and by virtue of the happening of the same event, namely, the death of her husband (*May* v. *Fletcher, supra; Bowers* v. *Lillis,* 187 Ind. 1 [115 N. E. 930]), so that, while her inchoate interest in the lands of her husband is an estate in the land itself and not a mere incumbrance (*Clements* v. *Davis,* 155 Ind. 624 [57 N. E. 905]), it is not a present estate, and so long as the title remains in the husband her inchoate right alone cannot be conveyed (*Davenport* v. *Gwilliams,* 133 Ind. 142 [31 N. E. 790, 22 L. R. A. 244]; *Unger* v. *Mellinger,* 37 Ind. App. 639 [77 N. E. 814, 117 Am. St. Rep. 348]). The community system does not prevail in Indiana, and appellant admits that prior to 1891 there was no statute of that state giving to a surviving widow an interest in her deceased husband's personal estate akin to the common-law right of dower and not subject to be defeated by will. (See *Pond* v. *Sweetser,* 85 Ind. 144; *Loy* v. *Loy,* 128 Ind. 150 [27 N. E. 351].) She claims, however, that the act of March 9, 1891 (Acts 1891, p. 404) (Burns' Annotated Indiana Statutes 1926, sec. 3343 [3025]), gives such right.

"This act provided as follows: 'If a man die testate leaving a widow, one-third of his personal estate shall descend to said widow, subject however to its proportion of the debts of said decedent . . . ; provided however that nothing in this act shall be construed to reduce the interest which the law now gives a widow in the estate of a deceased husband; and provided further that such widow may

elect to take under the will of said decedent instead of this or any other *law of descent* of this state, which election shall be made ninety days after said will has been admitted to probate in this state and in the same manner as widows are now required by law to elect.' This section was referred to in *Crawfordsville Trust Co.* v. *Ramsey,* 55 Ind. App. 40 [100 N. E. 1049, 102 N. E. 282], an action involving the validity of a gift. The gift was conditioned on the event of the donor's death, with a reservation of the use of the property during his life and was testamentary in character. It was also made with the intention of defeating his wife's right to share in his personal estate at his death, and was held to be void. The court, with respect to the husband's power of control over his personal property in that state, held that there could be no question but that as a general rule he had the absolute control of his personal property during his life and could give and otherwise dispose of it without his wife's consent free from any claim of hers, but that where the transfer was a mere device by which he sought to deprive his wife of her distributive share under the statute the same rule should apply as in cases of conveyances of real property for the purpose of defeating the wife's right to dower. In its opinion the court cites cases from other jurisdictions which refer to the right of a wife to share in her deceased husband's personal estate as a dower right. An examination of these cases shows that with one exception, namely, where by statute 'dower' was given in the personal estate of the husband, the court used the term to describe the widow's statutory right to a distributive share of her deceased husband's personal estate. That the term is sometimes so used is shown in *Howard* v. *Strode,* 242 Mo. 210 [146 S. W. 792, Ann. Cas. 1913C, 1057].

"Appellant cites other Indiana cases which she contends support her claim. In *Carroll* v. *Swift,* 10 Ind. App. 170 [37 N. E. 1061, 1062], the court said that 'prior to the act of March 9, 1891, a surviving wife took no absolute interest in the personal estate of her husband except as to the statutory allowance of $500; he might dispose of the surplus after the payment of debts by will'. This case involved the right of a widow to the distribution of part of her husband's personal property, and the question of her interest therein was not necessary to the decision or decided.

"In *Murphey* v. *Brown,* 159 Ind. 106 [62 N. E. 275], a widow claimed the whole of her husband's estate under the provisions of a statute; but the question of her interest in his personal property other than her right to a distributive share thereof upon his death was not involved.

"In *Unger* v. *Mellinger, supra,* the validity of a postnuptial contract was considered, and the court in its opinion speaks of the 'contingent' and 'inchoate' right of each spouse in the property of the other, but the character of such right in personal property was not considered. None of these cases appear to us to have decided the question presented in the case at bar.

"As stated, a husband may under the Indiana laws dispose of his personal property during his lifetime without his wife's consent and free from any claim by her, provided it be not done in expectation of death and for the purpose of defeating her distributive right under the statute (*Crawfordsville Trust Co.* v. *Ramsey, supra*), and no statute or decision from that state has been called to our attention which provides or holds that the wife enjoys any ordinary rights of ownership in her husband's personal property during his lifetime, or has a more complete interest therein than that of an expectancy as heir if she survives him.

"Appellant concedes that the property in question if governed by the California law would be the separate property of decedent and subject to his testamentary disposition; also that as a general rule the descent of personal property is governed by the laws of the state where decedent was domiciled at the time of his death, but she insists that the contract of marriage in relation to property rights should be governed, as other contracts, by the laws of the jurisdiction where it was to be carried out—in this instance by the laws of Indiana.

"This doctrine has been recognized and applied in instances where rights in the property of one spouse were held to have vested at the time of the marriage. The rule is stated in Wharton on Conflict of Laws, section 193a, as follows: 'While . . . it is undoubtedly true that the intestacy laws of the last domicile of the deceased govern the distribution of the personal estate of either husband or wife in case of intestacy, a distinction is to be observed between the

mere inchoate rights of either spouse to share in the distribution of the other's estate at his death and a vested right which attaches at the time of marriage though its enjoyment may be postponed until the death of the other spouse.' The author says further that the latter right is not divested by a change of domicile, but that a mere statute of distribution of the original matrimonial domicile, or any domicile other than the last, by which either spouse is to share in the other's personal estate upon the latter's death creates no vested right, and therefore offers no obstacle to the application of the statute of distribution of the last domicile.

"Appellant in this connection cites a number of decisions. *Kraemer* v. *Kraemer*, 52 Cal. 302, holds that where there is no express contract the law of the matrimonial domicile will govern as to personal property everywhere. (See, also, *Estate of Drishaus*, 199 Cal. 369 [249 Pac. 515].) *Bonati* v. *Welsch*, 24 N. Y. 157, was an action by a widow to recover from her husband's estate the amount received by him from the sale of certain real property situated in France. The spouses were married and living in that country when plaintiff inherited the property from her mother. She was later abandoned by her husband, who died domiciled in New York. It appeared that by the French law the property which came to her by succession belonged to her, but that her husband had the management of it, with the right to retain the avails of the sale during the existence of the community, which terminated upon his death, whereupon she would have a valid claim against his estate. It was held that as a creditor of her husband under the laws of France her rights continued and attached to the property of her husband situated in New York.

"*Harral* v. *Harral*, 39 N. J. Eq. 279 [51 Am. Rep. 17], was a similar case. The parties married and established their domicile in France without any contract as to property. By the laws of that country, where there was no contract and the marriage was followed by a conjugal domicile the property of married persons became subject to the community law. Under this law the husband, who had the management of the community property, might dispose of his share by will, but not the share of his wife, to which she became entitled upon his death. After the marriage the husband became insane and was brought to the United

States, where he died. It was held by reason of the above facts that his personal property became subject to the law mentioned, and that his widow was entitled to a half thereof notwithstanding that by his will he had bequeathed the whole to others.

"It was held in *Doss* v. *Campbell,* 19 Ala. 590 [54 Am. Dec. 198], that where the wife acquired separate property under the laws of California and removed with it to Alabama, where she could not have acquired a separate interest in the property under the same facts, that the removal did not destroy her property interest.

"So in *Holmes* v. *Holmes,* 4 Barb. (N. Y.) 295, a wife who had obtained a decree *a mensa et thoro* inherited a legacy from her father. Under the law then in force her husband was entitled to the legacy, which he received. A subsequent act would have made the wife the owner, but it was held that the later statute did not apply, as 'the marriage of the parties and the vesting of the moneys were prior to the passage of the act'.

"In *Noonan* v. *Kemp,* 34 Md. 73 [6 Am. Rep. 307], a citizen of Maryland left a legacy to his daughter, who resided in Kentucky. The latter died before the distribution of her father's estate, leaving a husband surviving. Under the Kentucky law the husband succeeded to the entire personal estate of his deceased wife. It was held that the legacy, like any other personal property owned by the daughter, was deemed to be situated in Kentucky and governed by its laws.

"Other cases declaring similar principles decided in Indiana and other jurisdictions are cited by appellant, but none involved the question presented here.

"In addition she cites cases dealing with the question whether or not the provision made by law for the wife is in the nature of an inheritance and subject to a succession tax, which cases hold that such a provision is not an inheritance but belongs to her independent of any right of inheritance or succession. These cases are contrary to the California rule that upon the death of the husband the wife took one-half of the community property as heir (*Estate of Moffitt,* 153 Cal. 359 [95 Pac. 653, 1025, 20 L. R. A. (N. S.) 207]; *Estate of Dargie,* 176 Cal. 720 [169 Pac. 360]).

526

"The mere fact that under the Indiana laws, above cited, the power of the husband to dispose of his personal property by will was subject to the right of his wife at her election to claim a third thereof gave her no more than an expectancy in this portion of his estate. As was held in *Spreckels* v. *Spreckels,* 116 Cal. 339 [48 Pac. 228, 58 Am. St. Rep. 170, 36 L. R. A. 497], such a limitation of the husband's right would give the wife no interest in his property during his lifetime. We are satisfied that appellant had no present fixed right or interest in decedent's personal estate, or more than a mere expectancy, which depended upon survivorship to become a vested right. This being true, and he having established his domicile in California, as he might do (Civ. Code, sec. 129), the property was subject to the law of this state, which governs its disposition and distribution whether he died testate or intestate."

The order appealed from is affirmed.