The Chancellor.
Lewis Brown, late of Middlesex died, leaving a will dated January fourteenth, eighteen hundred and thirty, containing the following clause: “ Also, I give and bequeath to my dear and beloved wife, Rebecca Brown, as long ae she remains my widow, the use of my farm and salt meadow, together with my live stock sufficient for her use, and farm utensils and household furniture; and after her death the wlmn *504 of my land and salt meadow, situate in the county and state aforesaid, to be equally divided between my two sons, John Lewis Brown and Jacob Owen Brown, their heirs and assigns for ever.” He also charged his lands with certain legacies, and among others, with one of ninety-two dollars to Bebecca Maria, one of the complainants.
After the death of the testator, the widow, and by her consent the sons, continued in possession of the farm and salt meadow and personal property devised to her, and received the rents and profits thereof.
John L. Brown died in August, eighteen hundred and forty-one, intestate, leaving his brother Jacob, and his sisters Bebecca and Sarah, his heirs at law„
In July, eighteen hundred and forty-three, Jacob conveyed all his right and interest in the real estate to David Crowell, who is also made a party defendant.
Stevenson and wife now file their bill to recover the legacy to her.
On the part of the widow, it is insisted, 1st, That the devise to her is superior, and to be preferred before all the legacies; so that she may not be charged with any part of them during her widowhood. 2d, That the suit is prematurely brought, and cannot be properly commenced during her widowhood.
This being a devise of lands for life to the widow, is to be taken in satisfaction and bar of her dower, unless she expressed and filed her dissent therefrom, pursuant to the act of twenty-fourth of February, eighteen hundred and twenty: Elmer’s Dig. 145, pl. 14.
The widow was at liberty to take her dower in the lands, or to accept of the devise. If she elected to take the devise, she must take it cum onere. There is no rule distinguishing between the widow and any other devisee.
The settled principle in equity is, that he who accepts a benefit under a will, must conform to all its provisions, and renounce every right inconsistent with them: Glen v. Fisher, 6 John. C. R. 35; Blake v. Bunbury, 1 Ves. 523.
*505 Tbe devisees under tlie will, by accepting the devise, assumed the payment of the legacies, in the proportions of their respective estates in the lands devised.
The land is charged with the legacies, and the defendant, Crowell, holds subject to them, and must bear his proportion of the charge.
Let there be a reference to a master to ascertain the amount due upon the legacy to the complainant, Rebecca Stevenson, charging interest from the time it became payable, and how much thereof is chargeable upon the tenants of the premises devised, in proportion to their several interests therein.
The wrife, Rebecca, is entitled to a reasonable provision out of the legacy, before a decree in favor of the husband is pronounced: Howard v. Moffatt, 2 John. Ch. R. 206. And the master will also ascertain what is a proper settlement in the case, unless the wife waives her provision.
Cited in Van Duyner v. Van Duyner’s Ex. 1 M'Car. 49.