# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1886.

CASE 70—PETITION EQUITY—JANUARY 7, 1886.

## Short v. Galway, &c.

APPEAL FROM KENTON CHANCERY COURT.

1. CONFLICT OF LAWS—STATUTORY LIENS.—While a right created by contract valid by the laws of the State where it is entered into, or a right accrued by reason of a statute, will ordinarily be enforced by the courts of another jurisdiction, yet where the statute of another State creates a lien on the estate of the husband for the protection and support of the widow after his death, the widow can not, as against the heir, enforce that lien on the real estate of the decedent in this State, as to allow this would be to permit the statute of another State to alter our laws of descent.

2. THE JUDGMENT OF A COURT OF ANOTHER STATE declaring the existence of a lien on real estate situated in this State will not be enforced here.

3. JUDGMENTS—UPON WHOM BINDING.—Under the statute of Ohio, which provides for an allowance by the probate court to the widow of a decedent for a year's support, and makes it a lien on the real estate of the decedent, an heir who was not a party to the proceeding in which the allowance was made may question the propriety or the amount of the allowance.

M. J. DUDLEY FOR APPELLANT.

Brief not in record.

W. H. MACKOY FOR APPELLEE.

1. The heir or devisee may be sued in equity for any *liability* of the decedent. (Gen. Stat., chapter 44, article 1, sections 9 and 10.)

2. The widow's claim under the Ohio statute is a debt of the estate, to be paid out of the assets the same as other debts. (Rev. Stat. of Ohio, sections 6028, 6040, 6041, 6043, 6090 and 524; Constitution of Ohio, article 4, section 8; Collier v. Collier's Ex'rs, 3 Ohio St., 369 and 376; Spangler v. Dukes, 39 Ohio St., 642; Dorah's Adm'r v. Dorah's Ex'r, 4 Ohio St., 292; Bane v. Wick, 14 Ohio St., 506, 513; Allen v. Allen's Adm'r, 18 Ohio St., 234; Watts v. Watts, 38 Ohio St., 480, 491.)

3. Where a right has accrued by virtue of an act done in pursuance of a statute of another State, and a suit is brought here to enforce the right, the law of that State, as expounded by her courts, will be regarded as the law of the case. (Boyce v. Nancy, 4 Dana, 236; Beard's Ex'r v. Basye, 7 B. Mon., 144, 147; Wadsworth v. Henderson, 4 Ky. Law Rep., 1003; Gibson v. Sublett's Ex'r, 6 Ky. Law Rep., 645; Dennick v. R. R. Co., 103 U. S., 11; Morawetz on Private Corporations, sections 610 and 611; Lowry v. Inman, 46 N. Y., 119; Ex parte Van Riper, 20 Wend., 614.)

4. Appellee is entitled, by the law of comity, to maintain her action in this State, as the enforcement of her claim is not forbidden by any statute of this State, nor is it repugnant to the policy of the State, or prejudicial to its interest. (Gen. Stat., chapter 31, section 11, subsection 5; Phœnix Ins. Co. v. Commonwealth, 5 Bush, 69 and 77; Story on Conflict of Laws, page 37; Kendall and Wife v. Coons, 1 Bush, 530; Beard's Ex'r v. Basye, 7 B. Mon., 144, 147; Mitchell v. Word, 64 Ga., 208.)

5. The jurisdiction of the foreign court having been established, the judgment in favor of appellee, so far as the estate of the decedent is concerned, is prima facie evidence that it is in accordance with law, and binding until legally impeached or reversed. (Biesenthall v. Williams, 1 Duvall, 331; Grignon's Lessees v. Astor, 2 How., 319.)

6. The judgment in favor of appellee is entitled to the same force here as in Ohio. (Fletcher v. Ferrel, 9 Dana, 380; Rogers v. Rogers, 15 B. M., 379; Rankin v. Barnes, 5 Bush, 20.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Mary V. Mitchell, the widow of William C. Mitchell, after his death married one Galway, and the two, husband and wife, instituted the present action in the court below against the appellant, Charles W. Short, who was the sole heir-at-law of William C. Mitchell, the first husband. Her marriage with Mitchell took place in the city of Cincinnati in

July, 1873, and at the time of her husband's death they were residents of and domiciled in the State of Ohio.

After Mitchell's death his wife (now Mrs. Galway) qualified as the administratrix of his estate in the Hamilton County Probate Court of that State. She had no children by her first husband, and by the laws of Ohio the appraisers of the estate, when there is not sufficient personal property, are required to set off or fix upon a sum of money for the support of the widow for one year. The personal property was of the value of fifty dollars, and the appraisers allowed her the sum of four thousand dollars for the year's support, and that allowance was approved by the probate court.

The widow then filed a petition in the probate court, in which she set forth the amount allowed her by the appraisers, and that her husband died seized of real estate in the cities of Louisville and Covington, in the State of Kentucky, and by the law of Ohio she could reduce her claim to a judgment, and was entitled to subject the real estate in Kentucky to the payment of the allowance—that the claim is a preferred claim for which she asks judgment. The probate court confirmed the allowance to the widow, and adjudged "that the said Mary Mitchell recover from the assets, real and personal, of said estate, the sum of four thousand dollars, and the same is declared to be the first and best lien and charge against the said estate of said intestate."

It is alleged and not denied that by the law of

the State of Ohio the widow has a lien for the allowance to her on both the real and personal estate left by the intestate.

The appellant inherited from his half brother (the husband of the appellee) the real estate in the State of Kentucky, and there being no estate of any kind owned by the intestate in the State of Ohio, his widow and administratrix instituted this action in the Kenton Chancery Court to subject the real estate in Kentucky to the payment of this allowance made by the probate court of Ohio. The Chancellor below subjected the realty, and his right to do so is the principal question involved in this case.

Counsel for the appellee bases his right of recovery upon the alleged ground that the allowance to the widow was a debt against the estate of her husband, and the right to this allowance having been created by the statute of Ohio, the courts of Kentucky should enforce it. It is also insisted that it is a right growing out of and incidental to the marriage contract, and for that reason the judgment below should be sustained.

Again, that the probate court of Ohio having adjudged the allowance to the widow to be a valid claim, the courts of this State have no power to revise that judgment.

If the probate court of Ohio had jurisdiction to render such a judgment—and that can not well be questioned in the present state of the pleadings—that judgment is binding as to the amount of the allowance on all the parties properly before that court; but it can not affect those who were not par-

ties to the proceeding. It is not pretended that appellant was a party to this proceeding in Ohio by the widow, either in her own right or as the personal representative of her husband, and, therefore, the question as to the propriety of the allowance may be raised by the answer of the defendant, when his estate is sought to be subjected to its payment; but the issue to be considered here is, "Can the appellant assert her claim against the real estate of the appellant derived by descent from her husband?" The statute of Ohio gives to her as his widow a lien on all the estate, *real and personal*, of the intestate for her support for one year, and it may be called a claim against his estate, for by the statute conferring the right she has a preference over ordinary creditors, perhaps all creditors.

We shall assume not only that the probate court of Ohio had jurisdiction to make the allowance, but that by the statute of that State the appellant could have subjected the real and personal estate of the intestate within the jurisdiction of the courts of that State to its payment, and at the same time it is manifest that no proceeding by the courts of Ohio could create a lien on appellant's land in Kentucky. (Paige, &c., v. McKee, 3 Bush, 135.)

The entire claim of the appellee springs from the marital relation and vested in her, by reason of the statute of Ohio, she surviving the husband, as much of his estate, whether real or personal, as would support her for the period of one year. It became a fixed interest in her husband's estate in the event she survived him, as much so as her interest as

dowress or her right to share in the distribution of
the personalty. The statute, in fact, gave her a suf-
ficiency of the real estate of her husband, or the
right to subject so much as might be necessary,
which is in effect the same, to satisfy the allow-
ance. This allowance is regarded in Kentucky as a
part of the expenses of administration, the widow
being allowed before distribution certain specified
articles, and if they are not on hand their equiva-
lent in other stock if on the place; if not, so much
money; if no money on hand, there can be no resort
to the real estate. The widow is entitled to dower
in the realty, and the infant children, if any, in-
herit it from the father, subject to the mother's
dower or to the right of homestead.

The difference between the Kentucky statute and
the statute of Ohio is, that by the former there is
no lien on the real estate, nor can it be subjected,
while in the latter the real estate is as much liable
as the personalty, or may be subjected if there is
no personalty to satisfy the claim.

The courts of Kentucky are called upon to enforce
a claim created by the statute of another State that
enlarges the costs of administration, and affects the
status of the realty cast by descent on the heir as
regulated by our statute.

A right created by contract valid by the laws of
the State where it is entered into, or a right accrued
by reason of a statute, will ordinarily be enforced
by the courts of another jurisdiction. (Boyce v.
Nancy, 4 Dana, 236; Beard's Ex'r v. Basye, 7 B.
M., 133.)

The right of the wife to her own property, given her by the laws of the State where the marriage took place, will be maintained as against the claim of the husband in a litigation in the courts of this State, although the law of this State would give the property to the husband, if the marriage had taken place here; but this rule does not apply in reference to the interest of the wife in the estate of the husband. The mode of descent, the costs of administration, the right of distribution, will depend upon the domicile of the parties or the situs of the property.

The marriage having taken place in Ohio, and that being the domicile of the husband at his death, the law of that State governs as to all movable or personal property; but real property must be left to be adjudged by the *lex rei sitæ*, and not within the reach, says Story, of any *extra territorial law*. (Story's Conflict of Laws, page 142.)

The right, therefore, given by the statute of Ohio to the wife at the time of her marriage with Mitchell to one half of his real estate, if such was the law, in the event she survived him, would not be enforced by the courts of this State, nor would the right acquired by the wife to enforce her claim for an allowance, in the event she survived her husband, against his real estate, be enforced, because by the law of this State the land passes to the heir free from any such incumbrance, and if permitted to enforce such a lien by reason of the law of another State, it would, in effect, be giving to the wife an interest in the land; for if she can subject

it because of a claim existing alone by reason of the marital relation, independently of any express contract, the statute of another State might give to her such an allowance as would swallow up the entire realty passing to the heir, although located in another jurisdiction. The statute of Ohio might provide that, in case of intestacy and dying without children, the widow should have not only the year's support, but a sum equal in value to one half of the realty left by the decedent to constitute a lien upon the entire estate until payment. To enforce such liens in this State would be to change the course of descent, and take from the heir his lawful inheritance.

As in this case the widow is allowed four thousand dollars for her support for one year, which is five times the sum in value that is allowed the widow in this State, it is a lien by the law of Ohio on the real as well as the personal estate, and can be enforced; but when undertaking to deprive the heir in this State of the inheritance by such a proceeding, you permit by indirection the law of another State to control or determine the laws of descent in subjecting the realty, not by reason of any express contract, but because of the rights of a party created by the statute of another State, springing solely from the marital relation. If personal estate, the judgment might be enforced, because that passes by the law of the domicile, and the courts of this State, if called on, would consult the Ohio statutes and the decisions of the courts of that State in determining the rights of the parties.

The case of Mitchell v. Word, Guardian, reported in 64 Georgia, 208, does not sustain the views of counsel for the appellee or the judgment below.

In that case the intestate died in Florida, owning real and personal estate in Georgia. The widow removed from Florida to Georgia after the husband's death, and brought suit in the latter State for her year's support. The court entertained the action, and adjudged that the law of Florida as to the amount she was entitled for her support must control. This was the only question involved, and, in the bill filed by the widow, she insisted only that the intestate, having been domiciled in Florida at the time of his death, the personal estate of the intestate in Georgia must be administered according to the laws of Florida; that is, the mode of distribution must follow the law of the domicile. The judgment in the State of Ohio does not prevent an inquiry as to the jurisdiction of the court rendering it either as to the person or the subject-matter determined by it. If the subject-matter is real estate, a judgment of the forum *rei sitæ*, affecting the right and title, is to be held of universal obligation, says Story, and, on the other hand, a judgment of a foreign country in regard to it will be held of no obligation. (Story's Conflict of Laws, page 494.)

The judgment of the probate court in the present case is but a declaration of the statute of Ohio as to what the widow shall be entitled to for her year's support after the death of her husband, and is valid and binding because the law of the domicile determines that question; and so would a judgment

determining the mode of descent and distribution, except as to realty outside of the jurisdiction. A judgment by the courts of Ohio determining a course of descent affecting land in Kentucky different from the law of this State would be a nullity, and so of a judgment determining the existence of a lien on realty here for the purpose of satisfying the claim of the widow for her share in the distribution or for her yearly support. The claim, whether called a debt or connected with the expense of administration, is derived alone from the fact that she is the widow of the intestate. The statute gives it to her as it does an interest in the distribution of the personal estate or in the realty. It all springs from the marriage relation, and the law of the domicile of the husband regulates the interest of the wife in the personal estate left by him and also of the real estate, unless located in a different jurisdiction. To say that the law of the domicile may make the heir liable to the extent of the real estate descended, located in a different State, to satisfy what the widow has failed to get in the distribution or for her support for one year or longer, would, in effect, subject the manner of inheritance to the law of another forum than that in which the realty is located.

Here the Chancellor is asked to enforce this claim of four thousand dollars against the land in the possession of the heir-at-law, and then to give to the widow, or leaving her entitled to dower in the remainder. This was not a debt against the husband or created by him, and is enforced because in-

cidental to the marriage contract. Her right to one half the real estate left by her husband (if such was the law of the domicile) should be enforced in Kentucky for the same reason.

Incumbrances created by the statute of another State, from motives of public policy only, on the estate of the husband for the protection and support of the widow after his death, will not be enforced in this State as against the heir by subjecting the real estate descended to its payment. It is not only contrary to the policy of this State, but if enforced must take from the heir his rightful inheritance.

Judgment reversed, and the cause remanded with directions to dismiss the petition.