EMMA J. CHENEY *vs.* GEORGE F. CHENEY.

Suffolk.    March 17, 1913. — May 23, 1913.

Present: RUGG, C. J., MORTON, LORING, SHELDON, & DE COURCY, JJ.

*Probate Court,* Jurisdiction.  *Widow.*

Assuming, without deciding, that the widow of a testator who died without issue and at the time of his death resided in another State and left real estate but no personal property in this Commonwealth, and whose will has been proved both in that State and in this Commonwealth, thereafter can waive the provisions of the will and that the effect of such waiver would be to create as to her an intestacy as to the estate in this Commonwealth, she nevertheless cannot maintain in the Probate Court of this Commonwealth a petition for the sale of the real estate here for the purpose of paying her the $5,000 to which a widow of a resident of this Commonwealth who has died intestate and without issue would be entitled by R. L. c. 140, § 3, cl. 3.

MORTON, J.   The petitioner is the widow of Charles J. Cheney, who at the time of his death was a resident of Rumford in the State of Maine, and who died without issue leaving a will which was duly proved and allowed in Maine.   At the time of his death he was possessed of real estate in Boston, but had no personal property in this Commonwealth.   The will has been duly probated in the County of Suffolk, and the widow has waived the provisions of the will.   This is a petition by her representing that the personal estate is insufficient to pay the share of the widow consisting, as alleged, of $5,000 in cash and one half of the real estate, and praying that the executor be ordered to sell the real estate for the purpose of paying her the $5,000 to which she claims to be entitled under R. L. c. 140, § 3, cl. 3.   The case comes here on appeal from the decree of the single justice * who heard it and who affirmed the decree of the Probate Court † dismissing the petition.

We assume in favor of the petitioner, without deciding, that she could waive the provisions of her husband's will after it was probated here, though a serious doubt is intimated in *Shannon* v. *White,* 109 Mass. 146, and that the effect of the waiver was to create as to her an intestacy in regard to the estate situated here.

---

* *Hammond,* J.                    † By *Grant,* J.

But it does not follow that she thereby becomes entitled to the $5,000 which is given to the widow of a resident here dying intestate and without issue. Although the will has been probated here it is still a foreign will and the administration here is only ancillary to that in the State or country of which the testator was a resident at the time of his death. The case is to be governed therefore by the rules and statutes applicable to the administration of estates belonging to non-residents rather than by those applicable to the estates of persons residing here. By these statutes no such provision is made for the widow of a non-resident dying intestate, without issue, possessed of estate situated here, as is made for the widow of a resident. On the contrary it is expressly provided that the personal property out of which the widow here is to take the $5,000 given to her with a charge upon the real estate if the personal estate is not sufficient to pay it (*Holmes* v. *Holmes*, 194 Mass. 552, 559), shall be disposed of according to the laws of the State or country of which her husband was an inhabitant, and that the real estate shall descend according to the laws of this Commonwealth. There is a further provision that after the payment of all debts for which the estate is liable the residue of the personal property may be disposed of by the Probate Court in the manner provided, or in its discretion may be transmitted to the executor or administrator in the State or country of which the deceased was an inhabitant. R. L. c. 143, §§ 1, 2. It does not appear whether there is in Maine any provision for the widow similar to that which exists here in a case where the husband dies intestate and without issue. If there is any such provision it does not appear what it is. Moreover there is no personal property in the present case out of which the amount, if any, provided for the widow could be taken, and there is no provision in the case of a non-resident for a sale or mortgage of the real estate if the personal estate is insufficient to pay it. It follows that the decree of the single justice affirming the decree of the Probate Court dismissing the petition was right and should be affirmed.

*So ordered.*

*R. B. Stanley,* for the petitioner.

*F. W. Dallinger,* (*T. W. Cunningham & M. J. Connolly* with him,) for the respondent.