CHARLES E. RUSSELL *vs.* ERNEST E. SHAPLEIGH, administrator, & another.

Essex.     February 3, 4, 1931. — February 26, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, SANDERSON, & FIELD, JJ.

*Probate Court*, Jurisdiction: in equity. *Equity Jurisdiction*, Of probate court. *Widow. Will*, Waiver. *Estoppel.*

The right given by R. L. c. 135, § 16, (see now G. L. c. 191, § 15,) to a husband or wife to waive the provisions of a will was an absolute, personal privilege in no wise dependent upon the assent or consent of persons affected by it; the enjoyment of the privilege and the legal results which flowed from such waiver did not depend upon proof that actual or constructive notice of an intention to exercise the privilege was given to persons having interests under the will which might be detrimentally affected by such waiver and claim.

An election by a widow under such statute to take her statutory rights in lieu of provisions for her in her husband's will operates in all jurisdictions in which he left property.

A petition in equity in a probate court under G. L. c. 215, § 6, as amended by St. 1929, c. 342, § 1, contained allegations that the father of the petitioner by his will gave his wife a life estate in his property and gave the petitioner the remainder; that the widow filed a waiver of

the will, but concealed from the petitioner that she had done so; that the petitioner, having faith and confidence in her honesty and integrity, was led to believe that the will remained in full force and effect and that the widow was claiming, taking and receiving the life interest given her; that the widow, who had been appointed executrix under the will, died about twenty years after her husband; that her accounts as executrix had not been settled; and that the respondent, son of the widow by a previous marriage, her sole heir and administrator of her estate, was claiming for her estate an undivided one-third part of all the property left by her husband. The petitioner sought to have it established that the widow was estopped from availing herself of the benefits and rights which otherwise would have accrued to her under her waiver of the will, that the respondent was bound thereby and that title to all of the remaining assets of the husband's estate was in the petitioner as remainderman; and sought relief by way of injunction. Upon demurrer, it was *held*, that the Probate Court had no jurisdiction under said § 6, as amended, to grant the relief sought.

PETITION, filed in the Probate Court for the county of Essex on November 3, 1930, and afterwards amended, described in the opinion. The petitioner by the eleventh prayer of the petition sought to "enjoin and restrain the said Ernest E. Shapleigh (a) as administrator of the estate of said Etta E. Russell, as aforesaid, from inventorying and claiming any portion or share of the remaining assets of the estate of said Charles E. Russell as assets of the estate of said Etta E. Russell; (b) as administrator, as aforesaid, from filing any petition or taking any legal action to sell, mortgage or incumber any portion or share of the remaining assets of the estate of said Charles E. Russell either for the payment of the debts, funeral expenses and charges of administration of the estate of said Etta E. Russell or for distribution or otherwise; (c) individually as the next of kin and sole heir of said Etta E. Russell from claiming and asserting any right, title or interest in and to the remaining assets of the estate of said Charles E. Russell as the next of kin and only heir of said Etta E. Russell; (d) from selling, assigning, mortgaging or incumbering any portion or share, right, title or interest in and to the remaining assets of the estate of said Charles E. Russell."

The respondents demurred. The demurrer was heard by *Dow*, J., and was sustained; and a decree was entered

by his order dismissing the petition. The petitioner appealed.

*F. E. Shaw,* for the petitioner.

*T. B. Yeakley,* (*S. H. Hollis* with him,) for the respondents.

PIERCE, J. This is an appeal from an order dismissing a petition in equity after a demurrer thereto had been sustained.

The petition, brought on the equity side of the Probate Court, on the supposed authority of G. L. c. 215, § 6, as amended, St. 1929, c. 342, § 1, in substance alleges that Charles E. Russell died in Lynn, in the county of Essex, on October 22, 1909, leaving a son, Charles E. Russell, Jr., and a widow, Etta E. Russell. His will was admitted to probate in Essex County and on December 30, 1909, the said Etta E. Russell was appointed executrix and duly qualified as such by furnishing bond without sureties. After a bequest to his son, the will gave to Etta E. Russell the income of the residue for life and as much of the principal as would be necessary to support her in a comfortable manner. All the estate remaining at her death was given to Charles E. Russell, Jr. A waiver of the will was duly filed on December 27, 1910, in the Probate Court. Ancillary administration was granted in Rockingham County, New Hampshire. No waiver of the will was ever filed in New Hampshire. The executrix filed her inventory in Essex County and in Rockingham County, but no account was filed by her in either county.

Etta E. Russell died in Lynn, in said Essex County, on August 5, 1930, and her son by a former marriage was appointed administrator of her estate by a decree of the Probate Court for Essex County, dated September 19, 1930, and, against the opposition of the petitioner, qualified as such by furnishing a bond without surety. Said administrator is now claiming for her estate an undivided one-third part of all the real and personal property left by Charles E. Russell at the time of his death, and which came to her under the waiver of the will.

The petition alleges that the said Etta E. Russell had occupied one of the apartments in the two-family dwelling house of the deceased, situated at 70 Eastern Avenue, Lynn, during her lifetime, and that what income she received from this house with the liquidated assets of the estate had been used up by her; that the two parcels of real estate situated in New Hampshire were sold during her lifetime; that the proceeds of the first parcel were disposed of according to a written agreement between the parties as described in the petition; that the proceeds of the second were turned over to the petitioner and that he paid the interest thereon to her. The petition states that the respondent Shapleigh now occupies a part of the premises at 70 Eastern Avenue, and that he has collected rent from the remainder since the death of his mother on August 5, 1930.

The petition further alleges that Etta E. Russell never gave any notice of any kind to the petitioner that she had filed said waiver and claim, and that he never had any knowledge or notice from any source that the same had been filed, until after her death; that she carefully concealed from the petitioner the fact that she had filed said waiver and claim; and that the petitioner, having faith and confidence in her honesty and integrity, was led to believe that said will of his father remained in full force and effect and that his stepmother was claiming, taking and receiving the legacy therein given to her.

The petitioner, as remainderman, seeks to have it established that Etta E. Russell became estopped by virtue of her acts, conduct, concealment and misrepresentations, express or implied, from availing herself of the benefits and rights which otherwise would have accrued to her under her waiver of the provisions of said will and accompanying claim dated January 28, 1910; that the respondent, as her administrator and only heir at law and next of kin, is bound thereby; that title in and to all of the remaining assets of said estate of Charles E. Russell and the right of possession thereof are in the petitioner as remainder-

man; and to have decrees entered enjoining and restraining the respondent, both as administrator and individually, as prayed for in the eleventh prayer; and to have a decree entered that the respondent as next of kin and sole heir of said Etta E. Russell is bound by the estoppel and election of said Etta E. Russell, as prayed for in the twelfth prayer.

The petitioner asserts in his brief that the petition does not seek to settle the account of said executrix, that it merely seeks to ascertain and determine the necessary facts to support the petitioner's claim of estoppel and election; and contends that before it can be determined whether said Etta E. Russell had become estopped and had also elected to take her legacy under the terms of the will, as claimed, it must also appear to what extent she had profited through her acts and conduct and to what extent the petitioner had been damaged thereby. As above indicated the petitioner admits that the account of Etta E. Russell as executrix must be settled on the probate side of the court. *Foster* v. *Bailey,* 157 Mass. 160. *Green* v. *Gaskill,* 175 Mass. 265. *Storer* v. *Coggan,* 260 Mass. 515. Under G. L. c. 215, § 6, as amended by St. 1929, c. 342, § 1, the Probate Court is without jurisdiction in equity to require an executor or administrator to account for the income and management of real estate of a deceased person. Nor under its said equity jurisdiction has it authority to examine and settle the accounts of tenants in common. *Fiske* v. *Quint,* 274 Mass. 169.

The petitioner does not contend that the widow upon the filing of a waiver in the registry of probate within one year after the probate of the will of her husband, under the provisions of R. L. c. 135, § 16, did not take the same portion of the property of the deceased, real and personal, that she would have taken if Charles E. Russell had died intestate. The right given to a husband or wife, as the case may require, to waive the provisions of a will is an absolute, personal privilege in no wise dependent upon the assent or consent of persons affected by it. Consequently, the enjoyment of the privilege and the

legal results which flow from such waiver do not depend upon proof that actual or constructive notice of an intention to exercise the privilege was given to persons having interests under the will which might be detrimentally affected by such waiver and claim. It is the contention of the petitioner, however, that the waiver had no extra-territorial force or effect as to the property in the State of New Hampshire, and that as to such property Etta E. Russell was entitled only to the life estate given to her in the will. As respects the position of the petitioner, we think that a widow's election to take her statutory rights in lieu of provisions for her in her husband's will operates in all jurisdictions in which he left property; that a man can leave but one will, although he may leave several testamentary writings; and that the widow's renunciation cannot be partial. *Douglas–Menzies* v. *Umphelby,* [1908] A. C. 224. *Cheney* v. *Cheney,* 214 Mass. 580. See *Shannon* v. *White,* 109 Mass. 146.

The right of the petitioner, in so far as he seeks to restrain the respondent Ernest E. Shapleigh as the next of kin and sole heir from asserting and claiming any right, title and interest in and to the estate of Charles E. Russell by virtue of the waiver and claim of Etta E. Russell, rests entirely upon the allegation that Etta E. Russell is estopped to claim the benefits of the exercised privilege because by her acts, conduct, concealment and misrepresentations, express or implied, the petitioner was ignorant until her death of the fact that she had waived the provisions in her husband's will about twenty years before. The right sought by way of injunctive relief in no direct way concerns the administration of the estate of which Etta E. Russell was executrix, and is only incidental to a determination of the settlement of the executrix's account. Under the frame of the bill the Probate Court under G. L. c. 215, § 6, as amended by St. 1929, c. 342, § 1, was without jurisdiction in equity to grant the relief sought by the petition.

*Order dismissing petition affirmed.*