Mary Hearn Greims died on May 27th, 1927, leaving a last will and testament (which will hereinafter be referred to as will), copy of which is attached to and made part of the bill of complaint, marked Exhibit A, and leaving her surviving her husband, Herbert Spencer Greims (to whom she was married subsequent to April 20th, 1877), and an adopted son, Gerard Greims. No child was born to testatrix and her aforesaid husband. The defendants Gerard Greims, Jr., and Joan Greims, children of her adopted son, Gerard Greims, and Vera L. Greims, his wife, are minors. George Fawcett, one of the defendants herein, was named guardian ad litem for said minors. At the time of her death testatrix was seized and possessed of real and personal property of the value of nearly three million dollars located in the States of Connecticut, New York and New Jersey. On June 8th, 1927, her will was duly probated by the court of probate for the district of Ridgefield, county of Fairfield, State of Connecticut, which was the place of her domicile. Bankers Trust Company of New York, and her aforesaid husband, were nominated and appointed in and by her aforesaid will as executors thereof and trustees thereunder, and they qualified and assumed their duties as such. Testatrix's husband subsequently resigned as trustee; his resignation was filed and recorded in the court of probate March 6th, 1930. A copy thereof is attached to and made part of the bill of complaint, marked Exhibit B. An exemplified copy of the probate record in the Connecticut court was recorded in the surrogate's office of Hudson county for the purpose of enabling the executors and trustees to make title to and sell testatrix's lands and real estate situate in Weehawken, New Jersey. Testatrix in and by paragraph three of her aforesaid will devised to her husband certain lands and real estate situate in the township of Weehawken aforesaid and it is with respect thereto complainants' bill relates. Under section 5055 of the general statutes of Connecticut (in so far as provisions thereof are applicable to the matter sub judice as manifested by the proofs herein) testatrix's husband, upon her death, became legally entitled to the use, for life, of one-third *Page 105 
in value of all the property, real and personal, legally or equitably owned by the testatrix at the time of her death, after the payment of all debts and charges against her estate; such third to be set out by distributors appointed by the court of probate, in any property, real or personal or both, according to the judgment of such distributors; and his right to such third could not be defeated by any testamentary disposition of testatrix's property to other parties. Under the aforesaid statute it is provided that where (as in the case sub judice) a wife, by will, devised or bequeathed a portion of her property to her surviving husband, such testamentary devise or bequest shall be taken and accepted by him in lieu of his statutory right aforesaid, unless the contrary is expressly stated in the will, or clearly appears therein; but in such case the surviving husband is entitled to his election whether to accept the provisions of his wife's will or take such share of her property as he is statutorily entitled to, such election to be made in writing, signed by him, and lodged with the court of probate before which the wife's estate is for settlement, within two months after the expiration of the time limited for the exhibition of claims against her estate; said statute further provides that if in a case such as sub judice the husband fails to exercise his aforesaid right of election he is regarded as having accepted the provisions of his wife's will, and debarred of such share of his wife's property as provided by the statute aforesaid. Certain provisos are contained in the aforesaid statute which are inapplicable to the matter sub judice and therefore not considered or referred to herein. Testatrix's husband within the time allowed by law therefor appropriately elected to have such share of her estate as legally provided for his benefit by said statute and application was duly made to the probate court for the appointment of distributors to set out such part of her estate as he by virtue of such election was statutorily entitled to. The supreme court of errors of Connecticut, as appears by an opinion thereof reported in110 Conn. 36; 147 Atl. Rep. 290, construing the aforesaid statutory provision, held that the distributors in the exercise of duties devolving upon them *Page 106 
could not take into consideration the value of testatrix's lands and real estate situate outside the State of Connecticut. The court says inter alia (at p. 293): "Our statute does protect the surviving spouse in the interest which the statute, upon his election, gives him, but that interest is confined to the property which comes within the original or principal administration. Counsel fail to find any decision in this or any other state having a similar statute which involves the question we are called upon to decide. Our research has been equally fruitless." Obviously this court cannot undertake to assume directly or by indirection any appellate jurisdiction of the Connecticut court as to the duty devolving upon the distributors aforesaid, but must determine herein for the purpose of the matter sub judice whether in view of the renunciation by testatrix's husband of the testamentary provision made for him by her in and by her will, by means of his having exercised the right of election conferred upon him by the aforesaid statute, he can now claim, in addition to the share of her property whichipso facto he thereby became legally entitled to, the lands and real estate situate in this state devised to him by paragraph three of his wife's will, because complainants pray instruction herein: (1) Whether testatrix's husband is entitled to take the lands and real estate situate in Weehawken, New Jersey, devised to him by paragraph three of her will, notwithstanding the exercise by him of the right of election conferred upon him by the Connecticut statute mentioned hereinabove? (2) If he is not entitled to take such lands and real estate as devisee of testatrix's will whether such lands and real estate become part of her residuary estate for disposition under paragraphs nine and ten of said instrument? (3) If such lands and real estate, devised to testatrix's husband by paragraph three of her will, by reason of his election aforesaid, become part of her residuary estate, whether her executors and trustees are empowered to sell and convey same? Stated otherwise, the gist of question number one as propounded to the court (questions two and three are merely auxiliary thereto) substantially is: Can a devisee named in the last will and testament of a testatrix *Page 107 
domiciled in the State of Connecticut, wherein the instrument was duly probated, who is the husband of such testatrix, renounce provisions made for his benefit in and by said instrument, by exercising a right of election conferred upon him under a statute of said state whereby he acquires rights in her property provided for him by such statute which are inconsistent with the provisions made for him by his wife in her will, and yet, notwithstanding, assert a claim as devisee under her will to lands and real estate situate in this state? In considering such question it must be borne in mind that it is a well established rule of the common law that a party cannot repudiate a will and provisions thereunder for his benefit, and yet claim some
benefit under and by virtue of said instrument. Not being aware of any statute changing such common law rule as applicable to the matter sub judice it is manifest to me that to allow the claim of testatrix's husband herein would disappoint the will and confer upon him rights in and to his wife's estate which she never contemplated conferring upon him. Such cannot be countenanced in equity. In a matter such as sub judice a husband will be put to his election between a testamentary disposition in his favor and such rights as conferred upon him by statute, and especially so when it clearly appears from his wife's will, as appears herein, that the testamentary provision was intended as a substitute for a statutory right conferred upon him; and the intention will be implied if the statutory right be clearly inconsistent with the will, because it is a well established principle of law that if provisions in a will are inconsistent with the curtesy of the husband in his wife's real estate, or with statutory rights in and to her property, the provisions for the husband in the will will be held as intended in lieu of the curtesy and statutory rights, and put him to his election as to which he shall accept. It is also a well established rule of law that a legatee or devisee cannot renounce a legacy or devise provided for such legatee or devisee in a last will and testament and yet claim some benefit thereunder. In other words, a party cannot take a benefit under a will and at the same time attempt to circumvent or defeat its provisions. *Page 108 
In the case sub judice the testatrix's will could not be renounced by her husband in Connecticut, the place of her domicile and where it was probated, and he be permitted, notwithstanding, to urge that a testamentary effect be given thereto in his behalf in this state whereby he may benefit thereunder as devisee or otherwise. In Van Duyne v. VanDuyne's Ex'rs, 14 N.J. Eq. 49 (at p. 52), Chancellor Green held: "It is a maxim in a court of equity not to permit the same person to hold under and against a will. Herbert v. Wren, 7Cranch 378. The principle, as stated by Mr. Jarman, is, that he who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions and renouncing every right inconsistent with it. 1 Jarm. Wills 385.
The rule in equity is well settled. A man shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if otherwise legal and well grounded, which shall defeat or in any way prevent the full effect and operation of every part of the will. Hyde v.Baldwin, 17 Pick. 308; Stevenson v. Brown, 3 Gr. Ch. 503;Remington v. Kirwan, 2 Sch. L. 449; 2 Story Eq. Jur. §1077." As to the doctrine of election, it is said in 40 Cyc.1959:
"The doctrine, which is purely equitable, and was originally derived from the civil law, finds its most frequent illustration in the case of wills, the principle being that one shall not take any beneficial interest under a will, and at the same time set up any right or claim of his own, even if legal and well founded, which would defeat or in any way prevent the full effect and operation of every part of the will."
In 2 Story Eq. Jur. (5th ed.) § 1075, it is said:
"Election, * * * is the obligation imposed upon a party to chose between two inconsistent or alternative rights or claims, in cases, where there is a clear intention of the person, from whom he derives one, that he should not enjoy both. Every case of election, therefore, presupposes a plurality of gifts or rights, with an intention, express or implied, of the party, who has a right to control one or both, that one should be a substitute for the other. The party, who is to take, has a choice; but he cannot enjoy the benefits of both." *Page 109 
And in section 1077 it is said:
"* * * In short, courts of equity, in such cases, adopt the rational exposition of the will, that there is an implied condition, that he, who accepts a benefit under the instrument, shall adopt the whole, conforming to all its provisions, and renouncing every right inconsistent with it."
And such doctrine was adopted by the courts of New Jersey. InStephenson v. Brown, 4 N.J. Eq. 503, 504, it is said: "The settled principle in equity is, that he who accepts a benefit under a will, must conform to all its provisions, and renounce every right inconsistent with them." See, also, Yawger's Ex'r
v. Yawger, 37 N.J. Eq. 216 (at p. 218). It cannot be reasonably urged herein in behalf of testatrix's husband that testatrix intended he should be privileged to exercise the legal right of election conferred upon him by the Connecticut statute respecting his sharing in her estate, and at the same time accept one or more of the provisions made in her will for him, or in anywise benefit under said instrument. In Hoit v. Hoit,42 N.J. Eq. 388, 391, it is said a person cannot accept and reject the same instrument, and that there is an implied condition that he who accepts a benefit under it shall adopt the whole by conforming to all its provisions, and that this is the rule on which the doctrine of election is founded. Authorities are cited, among which 2 Story Eq. Jur. § 1077, supra. The testatrix expressly manifested by her will that her husband could rely either upon provisions made for him by her will or legal rights conferred upon him by the statute hereinabove mentioned, but that he could not avail himself of both. Paragraph fourteen of testatrix's will provides:
"The provisions herein made for the benefit of my said husband are made and are to be accepted by him in lieu of his estate by the curtesy and of all rights of curtesy in the real property of which I shall die seized or possessed, and also in lieu of all income from my estate and of the use of any part of such estate to which income or use he shall or may be entitled under the laws of the State of Connecticut or otherwise." *Page 110 
It will be observed that the testatrix expressly refers hereinabove to "the real property of which I shall die seized or possessed." She does not say — the real property of which I shall die seized or possessed in Connecticut. It will be observed also that the testatrix provides by said paragraph of her will that the provisions therein made for the benefit of her husband are made and are to be accepted by him in lieu of his estate by the curtesy and of all rights of curtesy in the real property of which she shall die seized or possessed, and also in lieu of all income from her estate and of the use of any part of such estate to which income or use he shall or may be entitled under the laws of the State of Connecticut or otherwise. (Italics mine.) The use of the words or otherwise are very significant in my judgment, and evidence that the testatrix had in mind her property situated outside of the State of Connecticut. The election made by testatrix's husband under the Connecticut statute is binding upon him everywhere. In re Miner, 65 N.J. Eq. 116; Washburn v. Van Steenwyk, 32 Minn. 336; 20 N.W. Rep. 324;Russell v. Shapleigh, 275 Mass. 15; 175 N.E. Rep. 100; In reOwsley's Estate, 122 Minn. 190; 142 N.W. Rep. 129; Lindsley v.Patterson (Mo.), 177 S.W. Rep. 826; Wood v. ConquerorTrust Co., 265 Mo. 511; 178 S.W. Rep. 201. If, in the instant case, testatrix's husband suffers a loss or detriment as a result of the exercise by him of a right of election conferred upon him by statute and benefits acquired thereby, in lieu of the benefits provided for him by her will, that is his misfortune; but, having exercised his statutory right of election and thereby renounced the will, he cannot claim or take benefit under the will as devisee or otherwise. It is apparent from a reading of the opinion of the Connecticut court, as reported in 110 Conn. 36;147 Atl. Rep. 290, that said court appreciated that testatrix's husband had elected to take against her will, for it is therein stated (at pp. 290, 291): "Action by the Bankers' Trust Company of New York and others, executors under the last will of Mary Hearn Greims, against Herbert Spencer Greims and others, to determine the amount to be set aside out of the estate of the testatrix *Page 111 
by reason of the election of her surviving husband to take under the statute in lieu of the provision made for him in the will."
(Italics mine.) And at the foot of the first column (at p.291): "On June 8th, 1927, Bankers' Trust Company of New York qualified as executor of the will of the testatrix, and on the same day Herbert Spencer Greims filed with the court of probate for the district of Ridgefield a written notice of his election to take his statutory share of the estate in lieu of theprovision made for his benefit in the will." (Italics mine.) Furthermore, it appears from a brief submitted herein by the solicitor for the defendants Gerard Greims and wife, and George Fawcett, guardian ad litem for defendants Gerard Greims, Jr., and Joan Greims, minors (and not denied in the brief submitted in behalf of testatrix's husband) that said husband, when before the Connecticut court, admitted that the filing in Connecticut of his notice of election to take his statutory share was binding upon the real estate in the State of New Jersey, and deprived him of any interest that he might have therein as tenant by the curtesyor otherwise. (Italics mine.) It is also stated in said brief (and not denied) that in paragraph three of the answer filed in behalf of testatrix's husband in the Connecticut case, supra, he says: "Under the statutes and laws of the State of New Jersey, the said Herbert Spencer Greims, individually, as surviving husband of said Mary Hearn Greims, deceased, has no interest as surviving spouse as against the will of the said decedent in the real estate referred to in the substituted complaint, situated in the State of New Jersey, either as tenant by the curtesy orotherwise." (Italics mine.) It is also stated in said brief (and not denied) that Mr. Ralph Royall, who signed as counsel, the brief submitted to the court herein by the solicitors for testatrix's husband, Herbert Spencer Greims, on page 9 of a brief filed by him in the Connecticut court, said: "Where a Connecticut will makes a devise to a surviving spouse of foreign real estate, we do not think that it can be questioned that, if the surviving spouse takes the devise, such spouse will be deemed to have elected to take under the will as against the statute, nor do wedoubt that, if, on the *Page 112 other hand, the surviving spouse invokes the statute, suchspouse will be deemed to have elected to take as against the willand to have renounced the devise of the foreign real estate."
(Italics mine.) In such respect counsel appears to be in accord with the views expressed by me herein. In the Washburn Case,supra, an election was made on behalf of a widow, in Wisconsin, where the testator was domiciled, and where the will was executed and probated, to take certain provisions under the will. An action was then brought in Minnesota to determine the widow's rights as to property situate in that state. The question involved, as stated by Judge Dickinson (at p. 330), was: "Was the election in Wisconsin such as precluded a different election being made in another jurisdiction * * *?" The court held that it was and that it would preclude a different election being made elsewhere. In Russell v. Shapleigh, supra, the court says: "It is the contention of the petitioner, however, that the waiver had no extraterritorial force or effect as to the property in the State of New Hampshire, and that as to such property Etta E. Russell was entitled only to the life estate given to her in the will. As respects the position of the petitioner, we think that a widow's election to take her statutory rights in lieu of provisions for her in her husband's will operates in all jurisdictions in which he left property; that a man can leave but one will, although he may leave several testamentary writings; and that the widow's renunciation cannot be partial." In In reOwsley's Estate, supra, the court says: "A renunciation of the will in the manner prescribed by the statute would, therefore, estop the survivor from claiming thereunder either here or elsewhere, just as an affirmative election in favor of the will made in another state will preclude a claim under the statute here." In Lindsley v. Patterson, supra, the case shows the husband had made an election under the Connecticut statute,supra (the statute was amended subsequent to such decision but the amendment does not affect the matter sub judice). The supreme court of Missouri held that such election was binding upon him to bar any interest in real estate he might claim in Missouri. See, *Page 113 
also, Wood v. Conqueror Trust Co., supra. By the twelfth paragraph of testatrix's will she gives to her executors power to sell "all personal and real property not hereinbefore spefically bequeathed or devised to others than my executors and trustees, of which I shall die seized or possessed." Inasmuch as her husband by his election aforesaid renounced the devise mentioned in paragraph three of her will, such devise must be regarded in equity as having been voided after such election — and as though never made, and therefore, the devise falls into testatrix's residuary estate and passes to her executors and trustees in order that they may sell and dispose of the subject-matter of such devise, subject to the terms and provisions of the ninth, tenth and twelfth paragraphs of the will. A residuary clause in a will indicates an intention of a testator to dispose of his whole estate. Allen v. Moore, 87 N.J. Eq. 176.
In behalf of testatrix's husband it is urged that if, because of his having elected to accept the benefits conferred upon him by the Connecticut statute, he thereby renounced the devise to him in paragraph three of his wife's will, nevertheless, the lands and real estate so devised to him should not be held to fall into her residuary estate, but that it should be held herein that she died intestate thereof and that title thereto vested in him under the New Jersey law of descent. Such holding cannot be countenanced; it would be inequitable to permit testatrix's husband to acquire any benefit or gain any advantage under her will in view of his renunciation thereof by means of his having exercised his election to take in lieu of the testamentary provisions made for his benefit in said will such share of testatrix's property as he was entitled to under the statutory provisions aforesaid. To permit him to benefit by such circumvention as attempted to be resorted to by him in the casesub judice would be inequitable. In 28 R.C.L. 227 § 189, it is said: "When a will is executed the reasonable and natural presumption is that the testator intends to dispose of his entire estate. There is no presumption of an intention to die intestate as to any part of his estate when the words used by the testator will clearly carry *Page 114 
the whole. Therefore, in the construction of doubtful clauses in a will, that interpretation is to be adopted if possible which avoids a partial intestacy, unless it clearly appears that the testator intended to die intestate as to part of his property. The presumption against an intestacy is particularly strong where the subject of the gift is the residuary estate. An intestacy is a dernier ressort in the construction of wills, and it has been said that the abhorrence of courts to intestacy under a will may be likened to the abhorrence of nature to a vacuum. * * *." See, also, Baldwin v. Baldwin, 107 N.J. Eq. 91, 93. The duty of the court is to so construe the will that no intestacy, partial or otherwise, will occur. In re Duffy's Estate (Pa.),169 Atl. Rep. 142.
I will advise a decree instructing the complainants that the testatrix's husband is not entitled to avail himself of the devise of the lands and real estate situate in New Jersey, mentioned in paragraph three of her will; that such lands and real estate must be regarded as part of testatrix's residuary estate, and pass to her executors and trustees to sell and dispose of subject to the terms and provisions of the ninth, tenth and twelfth paragraphs of her will.
If counsel cannot agree upon the terms and form of the decree to be entered herein, in accordance with the conclusions hereinabove expressed, the terms and form thereof will be settled by the court on application by the solicitors of the complainants, upon appropriate notice thereof to the solicitors of the defendants. *Page 115