## Gaskins v. Gaskins et al.

September 30, 1949.

B. J. Bethurum, C. Homer Neikirk and B. D. Dubberly for appellant.

T. A. Wilson and L. E. Wilson for appellees.

CLAY, COMMISSIONER—Affirming.

This suit was brought by heirs at law of one Sam Gaskins, who died intestate a resident of Georgia, for sale and division of real property owned by him in this State. His widow and a creditor filed claims against the proceeds of this sale, both of which were denied by the Circuit Court.

By virtue of a judgment of the Georgia Ordinary Court, in an ex parte proceeding, the widow was allowed the sum of $5,000 for a year's support, to be paid out of the estate funds. This allowance is specifically provided for by Georgia statute, and constitutes a preferred claim against the estate. The widow now comes into this jurisdiction and asserts she has a valid judgment for $5,000 against the estate of her deceased husband, and that under Article IV, Section 1, of the Federal Constitution, Kentucky Courts must give full faith and credit to the judicial proceeding in Georgia.

Not every law or judgment of a foreign state must

be given effect by the courts of this State, particularly in matters involving local sovereignty and the title to real estate. 12 Am. Jur., Constitutional Law, Sections 707, 708. The above constitutional provision does not require one state to subordinate its laws and policies concerning peculiarly domestic affairs to the laws and policies of other states. Pink v. A. A. A. Highway Express, 314 U. S. 201, 62 S. Ct. 241, 86 L. Ed. 152, 137 A. L. R. 957. It is well settled that the descent and distribution of real property is governed by the law of the state of its situs to the exclusion of foreign laws. 11 Am. Jur., Conflict of Laws, Section 56.

A case squarely in point, cited as a leading authority, has heretofore been decided by this Court. Short v. Galway, 83 Ky. 501, 4 Am. St. Rep. 168. In that case the husband died intestate a resident of Ohio. Under Ohio law the widow was allowed $4,000 for a year's support. The husband owned real estate in Kentucky. The widow endeavored to subject it to the payment of her claim. The Court denied her relief, stating, 83 Ky. at page 510, 4 Am. St. Rep. 168:

"A judgment by the courts of Ohio determining a course of descent affecting land in Kentucky different from the law of this State would be a nullity, and so of a judgment determining the existence of a lien on realty here for the purpose of satisfying the claim of the widow for her share in the distribution or for her yearly support. The claim, whether called a debt or connected with the expense of administration, is derived alone from the fact that she is the widow of the intestate. The statute gives it to her as it does an interest in the distribution of the personal estate or in the realty. It all springs from the marriage relation, and the law of the domicile of the husband regulates the interest of the wife in the personal estate left by him and also of the real estate, unless located in a different jurisdiction. To say that the law of the domicile may make the heir liable to the extent of the real estate descended, located in a different State, to satisfy what the widow has failed to get in the distribution or for her support for one year or longer, would, in effect, subject the manner of inheritance to the law of another forum than that in which the realty is located."

Two similar cases involving facts almost identical

with the ones before us are Schram v. Berbig, 132 Neb. 268, 271 N. W. 694, and Smith v. Smith, 174 Ill. 52, 50 N. E. 1083, 43 L. R. A. 403. In those cases it was pointed out that even though realty has been converted to cash, the proceeds remain impressed with the character of real estate for the purpose of determining who are its rightful recipients. Thus the widow in the present case cannot properly assert her marital rights under the Georgia law against the proceeds of real estate in Kentucky which have descended under Kentucky law to the heirs of the deceased. For additional authorities which are conclusive on this question, see 2 Beale, Conflict of Laws, Section 302.1, page 1029; Cheney v. Cheney, 214 Mass. 580, 101 N. E. 1091, and In re O'Conner's Estate, 218 Cal. 518, 23 P. 2d 1031, 88 A. L. R. 856, 861.

The rule recognized by the above authorities is sound, and we see no reason to depart therefrom. The lower Court correctly disallowed the widow's claim.

The claim of the creditor, who held mortgage notes executed by the deceased, is in a different category, but he is not before this Court. No appeal was taken by him from the adverse judgment. While the widow may have some practical interest in sustaining this creditor's claim, she is not in privity with him, and her appeal does not effect one on his behalf. Appeals may be brought here only upon application either to the Circuit Court entering the judgment or to the Clerk of this Court, as provided in Section 734 of the Civil Code of Practice. Since no appeal was granted the creditor under this section of the Code, we have no jurisdiction to entertain it.

For the reasons stated, the judgment is affirmed on the appeal of Effie Gaskins.